[No. 8355.]

## WEILAND V. REORGANIZED CATLIN CONSOLIDATED CANAL COMPANY.

WATER RIGHTS—*Jurisdiction of Controversy Relating To.* The plain pur-
pose of Rev. Stat., sec. 3276, is to prevent the conflicts which must ensue
if the jurisdiction were committed to different courts. Where one of the
District Courts properly obtains jurisdiction to adjudicate priorities to the
use of water, its jurisdiction over all such rights and controversies in rela-
tion thereto in the water district, is exclusive. (128.)

The effect of the statute (Rev. Stat., secs. 3432, 3346, 3349) is, that
there is to be but one decree in any district, and it is the duty of the
officials appointed by the statute, to distribute the decreed priorities, accord-
ing to such decree. (130, 131.)

A decree authorizing a change in the point of diversion of a decreed
priority, is a modification of the original decree. Only the court in which
the original decree was rendered, and the change allowed, has jurisdiction
to compel the officers of the water service to observe the change.

A construction of the modified decree is required, and an action to
enforce the change is not an action merely to protect a right already
judicially established. *Medano Company v. Adams*, 29 Colo. 317; *Buckers
Co. v. Farmers Co.*, 31 Colo. 62; *Boulder & Lefthand Co. v. Hoover*, 48 Colo.
343; *Kerr v. Burns*, 42 Colo. 285, distinguished. (132.)

*Error to Otero District Court.* Hon. C. S. ESSEX, Judge.

Mr. HENRY A. DUBBS, Mr. O. G. HESS, Mr. HENRY
C. VIDAL, Hon. FRED FARRAR, Attorney General, and Mr.
FRANCIS E. BOUCK, Deputy Attorney General, for plaintiff
in error.

Mr. FRED A. SABIN, for defendant in error.

GABBERT, C. J., delivered the opinion of the court.

The Reorganized Catlin Consolidated Canal Company commenced an action in the District Court of Otero County, against the State Engineer, the Division Engineer of Irrigation Division No. 2, and the Water Commissioner of Water District No. 17. No other parties were made defendants.

In the complaint, after alleging the official duties of the defendants, it was stated that plaintiff owned specified priorities to the use of water from the Arkansas river, diverted by means of the Catlin Canal, having its headgate in Water District No. 17; that these priorities were dated September 3, 1884, and September 14, 1907, by decree of the District Court of the Third Judicial District sitting within and for the County of Bent; that the Las Animas Consolidated Canal Company owned the Jones Ditch, having its headgate on the same river, in the same water district about thirty-five miles below the Catlin headgate and that in a statutory proceeding in the Bent County District Court the Jones Ditch was decreed a priority from the river as of date April 10, 1875. The complaint then alleged that subsequent to the entry of the Jones Ditch decree, plaintiff conveyed twenty-two cubic feet of its early priority to the Las Animas Company, and the latter conveyed to plaintiff twenty-two cubic feet of its priority; that thereafter these parties joined in a proceeding in the Bent County District Court to change the points of diversion of their exchanged priorities, that is, to transfer twenty-two feet of the Jones water up stream to the Catlin Canal, and twenty-two feet of the Catlin priority, of date 1884, down stream to the Jones Ditch. In this proceeding a decree was entered August 21, 1905, which is set out in the complaint. It recites the appearance of the parties and of the Fort Lyon Canal Company, which owned the ditch now known as the Fort Lyon Canal. The decree recites that the changes prayed for will not injuriously affect the rights of others, and adjudges that twenty-two feet of the Jones Ditch priority shall thereafter flow into the Catlin Canal,

and that twenty-two feet of the Catlin Canal priority, of date September 3, 1884, shall thereafter flow into the Jones Ditch, but it contains this special provision and limitation; "'That as to the matters and things set out in the answer of the Fort Lyon Canal Company, the court doth make no finding construing the contract therein set out, but this decree of transfer shall be and is subject to the terms and conditions thereof, and to the rights arising under and by virtue thereof and accruing to the Fort Lyon Canal Company." The complaint made no further reference to this contract, but alleged that for more than four years after the entry of the decree the water officials recognized and obeyed it, and at all times when there was sufficient water in the river to entitle the plaintiff to the volume transferred, turned out and delivered to plaintiff at the headgate of the Catlin Canal twenty-two cubic feet of water in compliance with the terms and mandates of the decree; charged that during the year 1910, the defendants failed and refused to deliver to the Catlin Canal the transferred water and during that year, and in 1911, and up to the time of instituting the action, refused to recognize the decree, and failed and refused to deliver the water to plaintiff that by the transfer decree they were required to do, all of which occurred at a time when there was ample water flowing in the river to supply the plaintiff with the twenty-two feet to which it was entitled by virtue of the transfer decree; that the division engineer refused to recognize the decree, and directed the water commissioner to ignore it, and that the state engineer has ordered both the other defendants to ignore the transfer decree, and refuse to deliver water to plaintiff as by its terms required. Plaintiff prayed for injunctive relief restraining the defendants from interfering with the flow of the transferred twenty-two feet of the Jones priority, other than to deliver it to plaintiff at such times as it is entitled to receive the same under the transfer decree; that

all official orders of the defendants purporting to direct that the transfer decree be treated or administered in any other manner than awarding the plaintiff twenty-two cubic feet of water per second of time from the Jones Ditch be set aside, and that they be required to deliver to the Catlin Canal that water at such times as the plaintiff is entitled to receive it under and by virtue of the terms of the transfer decree.

After motions and a demurrer to the complaint, interposed by the defendants, were overruled, they answered. This answer contained several defenses, portions of which were stricken, and as to others demurrers sustained. The cause was then tried on the issues made by the complaint and so much of the answer as remained, with the result that judgment was rendered for plaintiff substantially as prayed for in its complaint.

The defendants appeared specially and moved to change the place of trial to the District Court of Bent County, upon the ground that the District Court of Otero County was without jurisdiction to entertain the cause. This motion was overruled. The defendants by demurrer then raised the question of the jurisdiction of the court, which was overruled. We will only consider the question of jurisdiction as raised by the demurrer. Our statutes provide for a systematic adjudication of water rights, and an orderly distribution of the priorities thus adjudicated. By section 3276, Rev. Stat. 1908, exclusive jurisdiction is vested in the District Court of the proper county to hear, adjudicate and settle all questions concerning priorities of appropriation between owners of ditches drawing water from the same stream or its tributaries within the same water district. The object of this provision is plain. It is to prevent conflicts in decrees adjudicating water rights which would result if different courts adjudicated such rights in the same water district. By virtue of this provision it has, therefore,

been determined that when a District Court properly obtains jurisdiction of a proceeding to adjudicate priorities to the use of water for irrigation in a water district, its jurisdiction is exclusive for the purpose of adjudicating such rights in such district. *Louden Canal Co. v. Handy Ditch Co.*, 22 Colo. 102, 43 Pac. 535; *Consolidated Home Supply Ditch & Reservoir Co. v. The New Loveland & Greeley I. & L. Co.*, 27 Colo. 521, 62 Pac. 364.

By sections 3226—3231, *ibid.*, provision is made for a change of point of diversion of a decreed priority. For this purpose jurisdiction is vested in the District Court which entered the decree establishing the priority sought to be diverted at a point other than as originally established, and the practice and procedure for this purpose, save as expressly otherwise provided, are the same as if the petition for a change were for an original statutory decree. If a change of point of diversion of a decreed priority is permitted, the original decree embracing it is to this extent modified. By section 3432, it is made the duty of the water commissioner of a water district (except as modified by statutes providing for the appointment of division engineers, and prescribing their duties, sections 3335 and 3344, ibid,) to distribute the water in his district according to priority of right as established by the decrees adjudicating such priorities. By the sections last cited, it is made the duty of the division engineer to exercise general control over the water commissioners of the several districts within his division, and direct the distribution of water therein, in accordance with the rights of priority of appropriation as established by the judicial decrees entered in the District Courts included in such division. By sections 3346 and 3349, ibid, provision is made whereby the division engineer obtains certified copies of decrees fixing priorities to the use of water in his irrigation division, a copy of which he is required to transmit to the state engineer.

From these several provisions and authorities cited, it appears that the courts having jurisdiction to adjudicate priorities is definitely fixed; that there is to be but one decree by one court in a given district, and that it is the duty of the water officials to distribute decreed priorities in accordance with such decrees.

The action was against the water officials alone. Confessedly its purpose is to require them to distribute the twenty-two feet of water represented by the transfer decree, in accordance with its terms. That decree was rendered by the District Court of Bent County. Its jurisdiction for this purpose was exclusive. According to the averments of the complaint the issue tendered is whether the defendants have or have not distributed the water involved, as by the terms of the decree changing the point of diversion the plaintiff is entitled to receive it. Which court is vested with authority to determine this question?

If the District Court of Otero County has jurisdiction for this purpose, it must, as it did, construe the decree of the Bent County District Court, and do, as it did, render judgment directing the water officials to distribute the priority fixed by that decree in harmony with such construction. Whether such construction and judgment are right or wrong is immaterial. The question is, when a court vested with jurisdiction to adjudicate water rights has exercised that authority and entered a decree, can another court of coordinate jurisdiction entertain a case, the object of which is to determine whether the water officials have complied with its terms in the distribution of water. The statutes designate the District Court vested with exclusive jurisdiction to adjudicate priorities to the use of water for irrigation in a water district. When jurisdiction for that purpose has attached, and a decree is entered, the statutes on that subject necessarily inhibit any other court of coordinate jurisdiction from modifying, reviewing or construing

such decree; otherwise there could be, in effect, more than one decree, by different courts, affecting the same priority to the use of water in the same water district, which it is the object of the statutes to avoid. Copies of all adjudication and transfer decrees are placed in the hands of water officials to guide them in the distribution of water. In a sense these copies are their warrants to execute the decrees which they embrace. The enforcement of a decree establishing a priority to the use of water is of the very essence of adjudication proceedings. From its nature and object the process of enforcing it is continuous, and must, therefore, remain the continuing function of the court entering it. Consequently if a question arises between the owner of a priority fixed by a decree, and water officials charged with the duty of distributing water under it, with respect to its meaning or effect, it must be determined by the court entering the decree, and not by any other court of coordinate jurisdiction.

To conclude that any other court than the original one could entertain jurisdiction in such circumstances would lead to hopeless confusion and conflict in jurisdiction, place the water officials in the position of not knowing which of two decrees or orders they should obey, and be contrary to the spirit as well as the letter of the statutes relating to the adjudication of water rights. Aside from this the general rule applicable is, that when a court assumes jurisdiction of a proceeding, which it is authorized to entertain, its jurisdiction is exclusive, and extends to the enforcement of its decree in so far as the authority of other courts of the same jurisdiction may be involved. *Louden Canal Co. v. Handy Ditch Co., supra;* Bailey on Jurisdiction, sec. 77; Works on Courts and their Jurisdiction, 69. We, therefore, conclude that the District Court of Otero County was without jurisdiction to entertain the cause, and the demurrer to the complaint challenging its jurisdiction should have been sustained.

But counsel for plaintiff urge that the action was simply to protect a right already awarded. Such is not its nature. The complaint alleged that the water officials had failed to deliver water as by the transfer decree they were required. That was the issue tendered, and whether they had or had not, required a construction of the decree. In other words, the action is against the water officials alone, to enforce the decree. The judgment sought is to compel them to distribute water according to its provisions. The authorities cited by counsel to support his proposition are, therefore, not in point. In *Medano Ditch Co. v. Adams,* 29 Colo. 317, 68 Pac. 431, the action was between private parties, and one of the questions involved was whether the defendant, by the diversion of water had prevented plaintiff from obtaining the supply to which it claimed to be entitled. In *Buckers Irrigation Co. v. Farmers' Independent Co.,* 31 Colo. 62, 72 Pac. 49, no decree was in controversy; nor was any construction or enforcement of a decree sought. The action was between private parties, and the only question of fact involved was whether one was interfering with water to which the other was entitled. *Boulder & Left Hand Ditch Co. v. Hoover, Water Commissioner,* 48 Colo. 343, 110 Pac. 75, was an action to compel the commissioner to distribute water in accordance with an adjudication decree. The action was instituted in the same court which entered the decree. Neither is *Kerr v. Burns,* 42 Colo. 285, in point. That case did not involve any question as to the decree itself.

As the District Court was without jurisdiction to entertain the case, we express no opinion on the merits or other questions argued by respective counsel.

The judgment of the District Court is reversed and the cause remanded with directions to sustain the demurrer challenging the jurisdiction of the court.

*Judgment reversed and cause remanded with directions.*

Mr. Justice SCOTT and Mr. Justice TELLER concur.