## LOVE V. REDDEN ET AL.

WATER RIGHTS—*Change of Point of Diversion—Jurisdiction.* Only the court in which the priorities to the use of water in a water district were adjudicated can authorize a change in the point of diversion of any of the waters awarded by such decree. *Wieland v. Reorganized Catlin Co. ante* followed. (135.)

*Error to Rio Blanco District Court.* Hon. CHARLES CAVENDER, Judge.

Messrs. WHEELER & WEISER, and Mr. L. F. TWITCHELL, for plaintiff in error.

Mr. C. W. DARROW, for defendant in error.

BAILEY, J., delivered the opinion of the court.

On the 5th of October, 1911, Robert Reigan, as administrator of the estate of Herman Richner, deceased, filed in the District Court of Rio Blanco County his petition to change the point of diversion of four and two-thirds second cubic feet of water, drawn from Piceance Creek, under priority No. 68, as decreed in the District Court of Garfield County on May 11th, 1889, to the M. H. & M. Ditch. Later one Charles T. Love succeeded to the right to the use of the water thus decreed, and to the title to the land irrigated thereby, and was substituted as petitioner. All parties claiming any interest in the waters of Piceance Creek, either above or below the proposed point of diversion, were made parties to the proceedings, and ten of them appeared in response to notice. They filed a demurrer to the petition on the ground that the District Court of Rio Blanco County was without jurisdiction to hear and determine the cause, as the general decree of adjudication for that water district, including priority No. 68 to the M. H. & M. Ditch, was rendered by and in the District Court of Garfield County. The demurrer was overruled, but a motion for non-suit,

made at the conclusion of the petitioner's evidence, raising again, among other things, the same question, was sustained and the proceeding dismissed. While it appears from the written opinion filed that the court based its judgment of dismissal upon an altogether different reason than the jurisdictional one, still since the conclusion is right, on the ground that the District Court of Rio Blanco County was without jurisdiction, the judgment must be affirmed.

By the express provision of the statute the District Court of Garfield County was the only one which had jurisdiction to hear and determine the matters in question, and plainly the petition should have been filed in that court. This is apparent from the provisions of section 3276, R. S. 1908, enactment of 1879, and part of section 3226, R. S. 1908, Laws of 1903, p. 278, which are, respectively, as follows:

"For the purpose of hearing, adjudicating and settling all questions concerning the priority of appropriation of water between ditch companies and other owners of ditches drawing water for irrigation purposes from the same stream or its tributaries within the same water district, and all other questions of law and questions of right growing out of or in any way involved or connected therewith, jurisdiction is hereby vested exclusively in the District Court of the proper county; but when any water district shall extend into two or more counties, the District Court of the county in which the first regular term after the first day of December in each year shall soonest occur, according to the law then in force, shall be the proper court in which the proceedings for said purpose, as hereinafter provided for, shall be commenced; but where said proceedings shall be once commenced, by the entry of an order appointing a referee in the manner and for the purpose hereinafter in this act provided, such court shall thereafter retain exclusive jurisdiction of the whole subject until final adjudication thereof

is had, notwithstanding any law to the contrary now in force."

"Every person, association or corporation desirous of changing in whole or in part the point or points of diversion of his or its right to use water from any of the streams of the state, shall present a petition to the District Court from which the original decree issued, whether the change be from one district to another or not; praying that such change be granted. The practice and procedure upon all petitions, save as herein provided, shall be the same as if the petition were for an original statutory decree; * * *"

It is held in *Weiland, State Engineer et al. v. Reorganized Catlin Consolidated Ditch Company,* decided at this term (*ante,* 156 Pac. 596), that the District Court which properly obtains jurisdiction of a proceeding to adjudicate priorities to the use of water for irrigation in a water district retains exclusive jurisdiction for the purpose of adjudicating such rights, and that a change of point of diversion of a decreed priority is a modification of the original decree to that extent. Further, section 3226, *supra,* specifically provides that the petition shall be presented to "the District Court from which the original decree issued." Upon the facts, there is no room to doubt that the District Court of Garfield County had sole and exclusive jurisdiction of the subject-matter involved.

The fact that certain territory which was a part of Garfield County at the time the original decree was entered was later included in Rio Blanco County does not affect the question one way or the other. Section 5 of an act of 1889, Session Laws of 1889, p. 326, relied upon by plaintiff in error as clothing the District Court of Rio Blanco County with jurisdiction of the proceeding, has no application. It reads as follows:

"All suits, civil and criminal, now pending in the District and County Courts of Garfield County, wherein the

cause of action occurred in the territory embraced in the new county of Rio Blanco, or wherein the defendant or defendants reside therein, shall be, as soon as the officers of said Rio Blanco County shall have been appointed and qualified, transferred by the clerks, upon the order of the judge thereof, to the courts of the same jurisdiction in said Rio Blanco County."

This provision does not purport to change the venue of a special proceeding like that of the adjudication of water rights and is neither in conflict with nor opposed to the provisions of sections 3276 and 3226, *supra*. These designate a particular court and vest it with exclusive jurisdiction in a special proceeding and over particular subject-matter. General provisions would necessarily yield in favor of special and specific ones if there were a conflict, which does not here appear to be the case.

The judgment is affirmed solely on the ground that the court was without jurisdiction, but without prejudice to the rights of petitioner, or his successors in interest, to institute proceedings in the District Court of Garfield County, which is the proper court for a decree changing the point of diversion or confirming the change already made. We do not consider or pass upon the merits of the case.

*The judgment is affirmed.*

Chief Justice GABBERT and Mr. Justice WHITE concur.