## No. 9276.

FARMERS' DITCH AND RESERVOIR COMPANY ET AL. *v.* BOYD LAKE RESERVOIR AND IRRIGATION COMPANY.

WATER RIGHTS—*Adjudication of Priorities—Bill to vacate Decree—Venue.* An action to vacate a final decree in a general proceeding for the adjudication of priorities, lies only in the same court in which the decree was rendered.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

Mr. L. R. RHODES, Mr. AB. H. ROMANS, for plaintiffs in error.

Mr. WILLIAM V. HODGES, Mr. GEORGE K. THOMAS, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS cause is here on writ of error to review a judgment on the District Court of Larimer County, dismissing the cause for want of jurisdiction. Suit was brought in that county to set aside a water decree in favor of defendant The Boyd Lake Reservoir & Irrigation Company. The decree in question was rendered in a general adjudication proceeding by the District Court of Boulder County for Division 1 of Water District 4.

The motion to dismiss for lack of jurisdiction is based upon section 3276, R. S. 1908, providing that for the purpose of adjudicating water priorities within a water district, and all other questions of law or right in any way connected therewith, jurisdiction shall vest, when the water district comprises parts of two or more counties, in the District Court of that county in which the first regular term after the first day of December shall soonest occur, according to the law then in force at the time of the passage of the act. Water District No. 4 extends into both Larimer and Boulder Counties, and under section 3276 jurisdiction over all matters concerning adjudication of decrees was vested in the District Court of Boulder County.

The sole question is whether that court, having acquired jurisdiction in the general adjudication proceedings, maintains it for all purposes relating to modifications of its decree. This question has already been settled by this court in the following cases: *Louden Canal Company v. Handy Ditch Company*, 22 Colo. 102, 43 Pac. 535, and later, in *Weiland v. Reorganized Catlin Consolidated Canal Company*, 61 Colo. 125, 156 Pac. 596. In the latter case, in discussing the effect of permitting concurrent jurisdiction of district courts in irrigation matters, at page 130, it was said:

"If the District Court of Otero County has jurisdiction for this purpose, it must, as it did, construe the decree of the Bent County District Court, and do, as it did, render judgment directing the water officials to distribute the priority fixed by that decree in harmony with such construction. Whether such construction and judgment are right or wrong is immaterial. The question is, when a court vested with jurisdiction to adjudicate water rights has exercised that authority and entered a decree, can another court of co-ordinate jurisdiction entertain a case, the object of which is to determine whether the water officials have complied with its terms in the distribution of water? The statutes designate the District Court vested with ex-

clusive jurisdiction to adjudicate priorities to the use of water for irrigation in a water district. When jurisdiction for that purpose has attached, and a decree is entered, the statutes on that subject necessarily inhibit any other court of co-ordinate jurisdiction from modifying, reviewing or construing such decree; otherwise there could, in effect, be more than one decree, by different courts, affecting the same priority to the use of the water in the same water district, which it is the object of the statutes to avoid. * * * To conclude that any other court than the original one could entertain jurisdiction in such circumstances would lead to hopeless confusion and conflict in jurisdiction, place the water officials in the position of not knowing which of the two decrees or orders they should obey, and be contrary to the spirit as well as the letter of the statutes relating to the adjudication of water rights. Aside from this the general rule applicable is, that when a court assumes jurisdiction of a proceeding, which it is authorized to entertain, its jurisdiction is exclusive, and extends to the enforcement of its decree in so far as the authority of other courts of the same jurisdiction may be involved. *Louden Canal Co. v. Handy Ditch Co., supra;* Bailey on Jurisdiction, sec. 77; Works on Courts and Their Jurisdiction, 69."

Under the rule announced by this court the District Court of Larimer County did not have jurisdiction to entertain the cause, therefore the judgment of dismissal was proper and should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.