## No. 9079.

### BIJOU IRRIGATION COMPANY *v.* LOWER LATHAM DITCH COMPANY.

WATER RIGHTS—*Adjudication of Priorities—Effect of Decree.* Where a modification or construction of the decree awarding priorities in a water district is desired, resort must be had to the court where that decree is of record. No other court has jurisdiction. *Weld v. Catlin Company,* 61 Colo. 125 followed.

*Error to Weld District Court, Hon. Robert G. Strong, Judge. En banc.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. ROBERT M. WORK and Hon. FRED FARRAR, attorney general, for plaintiffs in error.

Mr. JOSEPH C. EWING and Messrs. GOUDY, TWITCHELL & BURKHARDT, for The Lower Latham Ditch Co., et al.

Messrs. CRUMP & ALLEN, for The Weldon Valley Canal Co.

Messrs. STEPHENSON & STEPHENSON, for The Fort Morgan Reservoir Company, et al., intervenors.

Opinion by Mr. Justice Teller.

DEFENDANTS in error The Lower Latham Ditch Company, The Union Ditch Company and The Godfrey Ditch Company were plaintiffs below in a suit against the plaintiffs in error to enjoin defendant water officials from distributing water in a way claimed by the plaintiffs to be detrimental to their interests.

The complaint sets up the adjudication of water rights in 1883, in Water District No. 2, by the District Court for the then County of Arapahoe, and the adjudication in said proceeding of certain priorities to each of said plaintiffs; that there were also therein adjudicated certain other priorities including No. 24 and No. 14, the points of diversion of a part of which had been changed by decree of the said District Court to the headgate of said Bijou Irrigation

Company, the owner thereof; that there is at all times at said headgate, in Water District No. 1, sufficient water in said river to supply said priorities without requiring water thereof to pass down said river from Water District No. 2; that the return waters below the Lower Latham dam are ample for the supply of the priorities so transferred from points of diversion above said dam; and that to send water past said dam to supply the senior priorities of said Bijou Irrigation Company is to deprive plaintiffs, at times, of water needed for their priorities.

The complaint contained, also, allegations to the effect that only a part of priority No. 24 had ever been required for irrigating the lands to which it was to be applied, and that, to cause 40 second feet of said priority to flow into the ditch of said Bijou Company at a low stage of water, will be to enlarge the use to that extent, to the injury of plaintiffs.

Defendants in error The Weldon Valley Canal Company and The Fort Morgan Reservoir and Irrigation Company, on petitions setting forth substantially the same matters as are alleged in the complaint, were permitted to intervene.

To the complaint and to the petitions in intervention, the defendants demurred, setting up, among other things, that the District Court of Weld County was without jurisdiction of the cause, because the matters set up in the complaint pertained to the adjudication of water rights, and could be heard only by the court in which the original adjudication decree and the decree changing the points of diversion were entered.

The demurrers having been overruled, the Bijou Irrigation Company and the Bijou Irrigation District filed their answers to said complaint and to the petitions in intervention.

The water officials stood on their demurrer and took no further part in the proceedings.

Replications and various motions were filed which need not be here considered.

On a trial to the court findings were made in favor of the plaintiffs and a decree entered, according to the prayer of the complaint, enjoining the defendants, including the water officials, from causing any water to pass the Lower Latham dam, and the headgates of the several plaintiffs to supply water to the Bijou Company on account of said priority No. 30, after July 15th in each year, or at any other time when causing said water to pass said dam would interfere with any priority of the plaintiffs of earlier date than November 14, 1877, or with other named priorities thereof, upon account of the transferred portion of priority No. 24, when such act would interfere with any priority of any of said plaintiffs.

The decree directed that copies of it be certified to the defendant water officials.

The demurrer to the complaint challenged the jurisdiction of the District Court of Weld County on the ground that the relief sought required for its determination a modification, at at least a construction of the original adjudication decree which was entered in the District Court of Arapahoe County, now the City and County of Denver.

Under the rulings of this court, the demurrer should have been sustained.

In *Weiland v. Catlin Company*, 61 Colo. 125, 156 Pac. 596, it appeared that in a suit in the District Court of Otero County the water officials were charged with refusing to recognize a decree changing the point of diversion of a priority, entered in the District Court of Bent County, where there had been an original proceeding for the adjudication of priorities. An injunction was sought to compel the water officials to obey the decree.

A demurrer on the ground of want of jurisdiction was overruled, and on that ground this court reversed the judgment.

We there said:

"If the district court of Otero County has jurisdiction for this purpose, it must, as it did, construe the decree of the Bent County district court, and do, as it did, render

judgment directing the water officials to distribute the
priority fixed by that decree in harmony with such con-
struction. Whether such construction and judgment are
right or wrong is immaterial. The question is: When a
court vested with jurisdiction to adjudicate water rights
has exercised that authority and entered a decree, can
another court of co-ordinate jurisdiction entertain a case
the object of which is to determine whether the water
officials have complied with its terms in the distribution of
water? The statutes designate the district court vested
with exclusive jurisdiction to adjudicate priorities to the
use of water for irrigation in a water district. When
jurisdiction for that purpose has attached and a decree is
entered, the statutes on that subject necessarily inhibit any
other court of co-ordinate jurisdiction from modifying, re-
viewing, or construing such decree. * * * Conse-
quently, if a question arises between the owner of a priority
fixed by a decree and water officials charged with the duty
of distributing water under it, with respect to its meaning
or effect it must be determined by the court entering the
decree, and not by any other court of co-ordinate juris-
diction."

That case was followed in *Love v. Redden*, 61 Colo. 133,
156 Pac. 599.

The case is governed by the two cases above cited.

The judgment is accordingly reversed, with directions to
dismiss the cause.

Mr. Justice Allen not participating.

Decided May 5th, A. D. 1919. Rehearing denied Octo-
ber 6, A. D. 1919.