## No. 11,650.

STRATTON *v.* BEAVER FARMERS' CANAL AND DITCH CO.

Decided June 13, 1927.    Rehearing denied July 22, 1927.

Action concerning water rights.    Judgment of dismissal.

### *Reversed.*

1.  PLEADING—*Venue—Demurrer.*  That a suit is brought in the wrong county is not a ground of demurrer, but for change of place of trial, and is not a jurisdictional matter.

2.  WATER RIGHTS—*Actions—Place of Trial.*  The proper court in which to bring an action involving water rights is the one in which the former water adjudications in that irrigation district were rendered.

3.  PARTIES—*Nonjoinder.*  The claim that indispensable parties were omitted does not raise a question of jurisdiction, and if the claim is well founded, the parties should be ordered in.

4.  PLEADING—*Prayer—Demurrer.*  A demurrer will not lie to a complaint because the facts stated do not justify the specific relief prayed, if they justify other relief.

5.  *Water rights.*  Allegations of a complaint concerning interference with plaintiff's water rights held sufficient to entitle him to some kind of relief against defendant.

*Error to the District Court of Weld County, Hon. Robert G. Smith, Judge.*

Messrs. ANDERSON & PAYNTER, Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Mr. DONALD C. McCREERY, Mr. HUBERT D. WALDO, JR., Mr. STOTEN R. STEPHENSON, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

STRATTON brought suit against the Beaver Company, defendant in error; a demurrer to the complaint was sustained and the action dismissed, and he brings error.

The prayer was for a declaratory judgment under S. L. 1923, ch. 98 and for general relief. We think the demurrer should have been overruled.

One ground of the demurrer was that the court had no jurisdiction. The action was brought in Weld while the subject of the action was in Morgan county. That the suit was brought in the wrong county is not ground of demurrer, but change of place of trial, and is not a jurisdictional matter. If it is intended to argue that an action upon water rights must be brought in the county where the diversion takes place, the answer is that the court in which the former water adjudications in that irrigation district were rendered is the proper court. *Weiland v. Catlin Co.*, 61 Colo. 125, 156 Pac. 596. It is claimed that indispensable parties were omitted, but that does not raise a question of jurisdiction, and the demurrer was not on the ground of defect of parties. The argument is made that the court had no jurisdiction because without these parties it could render no judgment. If so it should order them brought in. *Conroy v. Cover,* 80 Colo. 434, 252 Pac. 883.

The only other ground stated in the demurrer was insufficient facts. A demurrer will not lie to a complaint because the facts do not justify the specific relief prayed, if they justify other relief. *Waterbury v. Fisher,* 5 Colo. App. 362, 370-371, 38 Pac. 846; *Tarabino v. Nicoli,* 5 Colo. App. 545, 552-554, 39 Pac. 362. If, then, the facts stated were sufficient to justify any sort of relief for plaintiff, the demurrer could not rightly be sustained on this latter ground. *People v. Stanley,* 81 Colo. 276, 255 Pac. 610.

Do the facts alleged justify any relief? The substance of the complaint is that the plaintiff is owner of the

Molloy ditch and the defendant of the Beaver Farmers' canal, which divert water from the same creek; that in 1900 in a special proceeding for the purpose of adjudicating the priority right of the Beaver Farmers' canal to which the claimant of the Molloy ditch was not made a party and of which he had no knowledge, the defendant in error obtained a decree and award of priority No. 46½ of date December 9, 1889, for 308 second feet of water, subject to all decreed priorities theretofore adjudicated in a general adjudication of water rights by decree of November 21, 1895; that the Molloy ditch was constructed in 1882 and it carried 55 second feet; that on the 8th day of December, 1911, it had a decree in a general adjudication of priorities, fixing the original construction of the Molloy ditch as of February 7, 1882, finding that it was prosecuted with diligence to completion to carry 55 second feet, and that it was entitled to an appropriation of water and a priority to use of water as of February 2, 1882, by original construction; that said adjudication of December 8, 1911, was made subject to the previous general adjudication above mentioned and was not made subject to the special adjudication above mentioned in favor of the defendant. And the complaint further alleges that the defendant had due and proper notice of the proceedings which resulted in said adjudication of the 8th of December, 1911, and that no appeal therefrom or error thereto has ever been had. It further alleges that the plaintiff has always enjoyed his said right except that lately the defendant has interfered with the same. If these facts are proven the plaintiff has a right to some kind of relief against the defendant, perhaps an injunction against further interference.

We are asked to determine the merits of the case, but we do not think it advisable until the parties have an opportunity to make an issue of fact.

It is claimed on behalf of defendant in error that the judgments mentioned in the complaint are res adjudicata. If that is true the judgment in the special pro-

ceeding, to which the plaintiff was not a party, cannot
affect him, and, if it is true, the judgment of December,
1911, would seem to be res adjudicata against the de-
fendant; but we leave those matters for the consideration
of the court below, after the issues of fact, if any, have
been tried.

The judgment is reversed with directions to overrule
the demurrer and proceed with the case.