## No. 12,127.

HANDY DITCH CO. *v.* GREELEY & LOVELAND IRRIGATION CO., ET AL.

Decided June 17, 1929.   Rehearing denied September 23, 1929.

Mr. P. D. NELSON, Messrs. LEE, SHAW & McCREERY, Mr. WM. A. BRYANS III, for plaintiff in error.

Mr. C. D. Todd, for defendants in error.

*In Department.*

Mr. Justice Adams, sitting for Mr. Chief Justice Whitford, delivered the opinion of the court.

Suit for injunction, brought by the Handy Ditch Company against the Greeley & Loveland Irrigation Company and two public officials, Hinderlider, state engineer of the state of Colorado, and Kelly, a water commissioner, to restrain the official defendants from interfering with plaintiff's use of the waters of the Big Thompson river, and to enjoin the corporation defendant from storing water when plaintiff needs it for immediate use or temporary storage for later use. After numerous motions, demurrers, amendments, and rulings thereon, plaintiff filed a second amended complaint and amendments thereto, to which the defendants demurred on several grounds. The court sustained on the first ground of demurrer, that a cause of action was not stated. Plaintiff elected to stand on its second amended complaint as amended; the same was dismissed at plaintiff's costs, and it brings the case here for review.

We shall omit plaintiff's formal allegations, and briefly state its contentions as we understand them. It owns the right to use 192.43 cubic feet of water per second of time of the waters of the Big Thompson river, decreed for direct irrigation. It owns also five large storage reservoirs, taking water from the same stream, but to which no priorities have been awarded. It supplies water to its stockholders for the irrigation of about 12,000 acres of land. It seeks through injunctive relief to accomplish two things, first, to keep its priority to the flow of the stream for direct irrigation, and second, to use the water so economically that it will be permitted to "temporarily impound" more water for use later in the season, all under and by virtue of its decree for direct irrigation.

Plaintiff claims that it has followed this practice for the past forty years.

1. If the above is permitted, it will affect the defendant company in this way: the latter owns certain reservoirs which also get their water supply from the same Big Thompson river, and to which reservoirs priorities have been decreed. Plaintiff's decrees for direct irrigation are senior, in point of time, to defendant company's reservoir priorities. If plaintiff wins on its theory, its direct flow rights will serve for "temporary storage" rights, as well as for the direct flow of the stream, and thus cut out defendant company from its decreed reservoir rights in times of scarcity of water supply.

■ Plaintiff's theory is untenable. The statute recognizes two classes of appropiations for irrigation, one for ditches diverting water directly from the stream, and one for the storage of water, to be used subsequently. *Holbrook Irrigation District v. Ft. Lyon Canal Co.*, 84 Colo. 174, 191, 269 Pac. 574; *Greeley & Loveland Irrigation Co. v. Huppe*, 60 Colo. 535, 155 Pac. 386; *New Loveland & Greeley Irr. & Land Co. v. Cons. Home Supply Ditch Co.*, 27 Colo. 525, 62 Pac. 366, 52 L. R. A. 266.

■ ■ ■ It is difficult to understand how the words "temporarily impound," as applied to the storage of water in a reservoir to be used later for agricultural purposes, add anything to the nomenclature of the law of water. "Temporary" means lasting for a time only; it is opposed to permanent, but all water impounded in any storage reservoir is to be put there only temporarily; otherwise its capture from the stream must of necessity defeat the purpose of the law of beneficial user. The right to the use of water, whether by direct flow or through storage reservoirs, is a usufructuary right, and it would be absurd to suppose that water could be used for irrigation by permanently storing it in a reservoir. And so, when we say that water is stored, or temporarily stored for agricultural purposes, it means the same thing. The effect of this is that the plaintiff is entitled to have

water distributed to it for its immediate needs according to its priorities for direct irrigation, but it cannot claim storage rights thereunder by using different words for the same thing. As to economical methods, which plaintiff says it has employed, the answer is that economy in the use of water is commanded by law; waste is proscribed; plaintiff has, therefore, done only that which the law enjoins upon it, but to say that a user has not wasted water does not mean that he can store it for future use when he has appropriated it and got a decree only for direct irrigation. To so hold would violate the above decisions, and would not only tend to undermine water decrees, but also to unlawfully extend or enlargé plaintiff's appropriation for direct irrigation, to the detriment of junior appropriators.

■ 2. The public officials charged with the distribution of water must distribute it according to the decrees therefor. Sec. 1762, C. L. 1921; *Gunnison County v. Hider,* 47 Colo. 443, 445, 107 Pac. 1068; *Comstock v. Larimer and Weld Res. Co.,* 58 Colo. 186, 201, 145 Pac. 700, Ann. Cas. 1916A, 416; *San Luis Valley Irrigation District v. Carr,* 79 Colo. 340, 342, 245 Pac. 705. This principle has law and order for its foundation, and is recognized by statute and repeated adjudications. Obviously, the water commissioner can and must distribute water for direct irrigation according to the direct irrigation decrees; and water for storage in accordance with the reservoir decrees, when not required for direct irrigation. The complaint or second amended complaint and amendment thereto do not show that either the water commissioner or the state engineer have failed in their duty. The plain purpose of plaintiff's bill of complaint and amendments is to acquire storage rights by virtue of direct irrigation decrees, which it is not permitted to do. The demurrer was, therefore, rightly sustained.

■ 3. The complaint as amended makes particular reference to plaintiff's system of reservoirs, known as the Welch reservoirs, work on which, it is alleged, was

commenced and prosecuted with diligence to completion, and water used therefrom in connection with plaintiff's decreed ditches, prior to the building of the defendant company's reservoirs. It is conceded that the several reservoir claims of the plaintiff and the defendant company are the same as those heretofore litigated and reported at length in the 60th Colorado Reports in the case of *Greeley & Loveland Irrigation Co. v. Huppe, supra,* and which came to this court for the second time in *Greeley & Loveland Irr. Co. v. Handy Ditch Co.,* 77 Colo. 487, 240 Pac. 270. Those cases indicate the seniority of the present defendant company's reservoir rights over the reservoir claims of plaintiff. They speak for themselves, and extensive comment on them would be idle repetition. They are determinative of the relative rank of the parties' respective reservoir claims. To grant the prayer of plaintiff's complaint as amended would accomplish a revision of such reservoir decrees by indirection, but this is impossible to do, any more than by direction. It would not be accurate to say that the plaintiff can never get *any* decree for its reservoirs, junior to those of the defendant company, and other lawful claimants, but, as far as we are advised, they have never asked for such, so we do not determine it. On the contrary, plaintiff's claims in this court have been devoted to an effort to obtain seniority over the defendant company's adjudicated reservoir rights, but in this they have failed. Counsel for defendants points to the many years that this controversy has been in the courts, in one form or another. Be it so, nevertheless this opinion is not to be construed as a reflection on plaintiff or its counsel in any way, for they took the case just as it came to them, and they have only advanced here, with manifest sincerity, and with ability and earnestness, a theory or interpretation that they are convinced is correct. Unfortunately for them, however, the questions raised are foreclosed by former adjudications, and by them we are bound. It is beyond our power to abolish the statutory limitations as to time, discussed

at length in *Greeley & Loveland Irrigation Co. v. Handy Ditch Co., supra.* The three cases, the one now before us, and those in the 60th and 77th Colorado Reports, should be read together.

Plaintiff's brief discusses at some length the allegations of the complaint and first amended complaint, but they were superseded by the second amended complaint and amendment thereto, and thereby became plaintiff's pleadings. The essential principles involved, as far as the decision is concerned, are the same in all, but we have intentionally confined ourselves to the last amended complaint and amendment thereto, which took the place of those that went before.

Judgment affirmed.

Mr. Justice Alter, Mr. Justice Campbell and Mr. Justice Moore concur.