## No. 12,582.

HAZARD ET AL v. JOSEPH W. BOWLES RESERVOIR COMPANY.

(287 Pac. 854)

Decided April 29, 1930.

Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN the general adjudication proceeding under our irrigation statute, which was duly instituted and was then pending in the district court of the Fourth Judicial District of Colorado in and for the county of Douglas, there was awarded to the plaintiff corporation a reservoir priority in Patrick or Bennet Lake. In the same proceeding a senior reservoir priority in the same lake was awarded to the individual defendants in this action, but on a proper reopening of the proceeding thereafter in the same court the priority of the plaintiff corporation was made senior to that of the defendants. One clause of the later or amended decree of the defendants provided that the same "shall not be disturbed nor changed in any manner and said decree shall stand as originally entered by this court." In passing we merely say it is obvious that thereby the decree should remain and stand as originally entered, except that defendants' priority shall be junior to that of the Bowles reservoir. The pending action now under review was instituted in the district court of the First Judicial District in and for the county of Arapahoe. Therein the plaintiff corporation sought an injunction against the individual defendants to restrain them from pumping, using or taking any of the water from the Bennet or Patrick Lake or reservoir, which is contained in the lake from the bottom of the present out-

let of the Bowles reservoir. The plaintiff also asks for a decree quieting title in it to the water contained in this reservoir from the bottom thereof to a point 7 feet above the inside of the bottom of the present outlet pipe. At the conclusion of the hearing upon the merits the court issued an injunction the effect of which is to deny the defendants, in any circumstances, the right to use any of the water in this reservoir. In its decree in this case the district court of Arapahoe county could not have reached the conclusion which it did without interpreting, construing, correcting and, in fact, overruling and setting aside and nullifying the Bennet decree rendered in the proceeding first above mentioned by the district court of Douglas county. This decree of the Arapahoe district court is not one that merely maintains the status quo as to these two priorities, but it radically changes the same and enters a new and different decree from that which was pronounced by the district court of Douglas county. Defendants have sued out a writ of error to this decree of the Arapahoe district court and have filed their application for a supersedeas in which they ask us to set aside this decree and enter an order requiring the district court of Arapahoe county to vacate the same and, in lieu thereof, to enter an order dismissing the action.

The foregoing statement on its face clearly and unmistakably shows that the district court of Arapahoe county had no jurisdiction whatever to enter upon the trial of this action. The repeated decisions of this court are conclusive upon this question. Douglas county and Arapahoe county are in the same water district. The district court of Douglas county first acquired jurisdiction to adjudicate the relative priorities of right to the use of water for irrigation in this district and it has entered its decree awarding to the parties in this action their relative priority rights to the use of water in this reservoir. No other district court in this state has the jurisdiction thereafter to adjudicate such matters. The district court of Douglas county, having first obtained

jurisdiction to adjudicate priorities to the use of water for irrigation in that district, thereafter retains exclusive jurisdiction over the subject matter of such priorities. In *Weiland v. Catlin Co.*, 61 Colo. 125, 156 Pac. 506, in an exhaustive opinion by Chief Justice Gabbert, it was so decided. Among other things, the opinion, at page 130, states:

"The question is, when a court vested with jurisdiction to adjudicate water rights has exercised that authority and entered a decree, can another court of coordinate jurisdiction entertain a case, the object of which is to determine whether the water officials have complied with its terms in the distribution of water. The statutes designate the district court vested with exclusive jurisdiction to adjudicate priorities to the use of water for irrigation in a water district. When jurisdiction for that purpose has attached, and a decree is entered, the statutes on that subject necessarily inhibit any other court of coordinate jurisdiction from modifying, reviewing or construing such decree; otherwise there could be, in effect, more than one decree, by different courts, affecting the same priority to the use of water in the same water district, which it is the object of the statutes to avoid. * * * Consequently if a question arises between the owner of a priority fixed by a decree, and water officials charged with the duty of distributing water under it, with respect to its meaning or effect, it must be determined by the court entering the decree, and not by any other court of coordinate jurisdiction."

While that was a controversy between the water officials and the owner of a priority, the same rule and principle apply to a controversy between rival claimants of priorities which have been awarded to them. In the same proceeding the opinion further states: "Aside from this the general rule applicable is, that when a court assumes jurisdiction of a proceeding, which it is authorized to entertain, its jurisdiction is exclusive, and extends to the

enforcement of its decree in so far as the authority of other courts of the same jurisdiction may be involved.''

This case has been repeatedly approved by us in the following, among other, cases: *Louden C. Co. v. Handy D. Co.*, 22 Colo. 102, 43 Pac. 535; *Love v. Redden*, 61 Colo. 133, 156 Pac. 599; *Farmers' D. & R. Co. v. Boyd Co.*, 66 Colo. 29, 178 Pac. 561; *Bijou Irr. Co. v. Lower Latham D. Co.*, 67 Colo. 356, 184 Pac. 292; *Stratton v. Beaver Co.*, 82 Colo. 118, 257 Pac. 1077; *Handy D. Co. v. Greeley & Loveland Co.*, 86 Colo. 197, 280 Pac. 481.

It is too clear for argument that the district court of Arapahoe county, in rendering the decree in the action now before us, not only assumed to interpret and construe and modify the decree of the district court of Douglas county, which was the only court that has jurisdiction in the premises, but, in effect, set it aside, nullified it, and absolutely deprived the defendants of the right to use any of the water, in any circumstances, impounded in the Bennet reservoir.

The judgment of the district court is therefore set aside and held for naught, and the cause is remanded to the district court of Arapahoe county with instructions to vacate its decree and dismiss the action at the costs of plaintiff, both below and here.

Mr. Justice Adams not participating.