No. 13,673.

BENNETT ET AL. *v.* JOSEPH W. BOWLES RESERVOIR COMPANY.
(63 P. [2d] 443)

Decided November 9, 1936. Rehearing denied December 14, 1936.

Messrs. TWITCHELL, CLARK & BURKHARDT, Messrs. TWITCHELL, CLARK & ECKLEY on petition for rehearing, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN a proceeding having genesis in a controversy over water, reservoir and ditch rights, plaintiffs in error were adjudged to be guilty of contempt.

It appears that in what is known as the Patrick Reservoir, of a total capacity of 1,113 acre feet, there are two adjudicated storage priorities: To defendant in error, Bowles Reservoir Company, as of December 22, 1892, 555 acre feet; to plaintiffs in error, Bennett and associates, as of July 2, 1910, 558 acre feet. Also, through what is known as the Tule Ditch, and as of the date of its decreed storage right, defendant in error has an adjudicated direct flow priority of 18.6 cubic feet of water per second of time for irrigation during the irrigation season and for storage during the storage season, which passes through the reservoir. Defendant in error withdraws its decreed water — storage and direct flow — by gravity through an outlet pipe placed at the lowest elevation in the reservoir that will accomplish delivery of the water where required. There may be said to be two planes in the reservoir, one below and one above the bottom of the outlet pipe. In storage capacity the lower plane exactly equals the reservoir priority of plaintiffs in error, 558 acre feet, and the upper plane that of defendant in error, 555 acre feet. The water content of the lower plane, as

we shall presently see, is subject to a decree in the interest of defendant in error, requiring that it be "retained and replenished in the reservoir for supporting purposes so that the water above the outlet pipe will flow through the outlet by gravity whether the water thus flowing out be that represented by said Tule Ditch priority or by said Patrick Reservoir priority." For our study, therefore, we may regard the water in the lower plane as nonexistent, or as if the support of the upper plane were of earth or other nonsolvent, and deal with a situation where each of two reservoir priority claimants has adjudicated storage equivalent to the entire capacity of the reservoir involved; but as of the respective dates already set forth, and where defendant in error's priority specifically calls for the space from the bottom of its gravity outlet pipe to the top of the reservoir—seven feet, while plaintiffs in error's priority is assigned generally to the reservoir.

Before the time of the decree which resulted in requiring support for defendant in error's storage and direct flow water, plaintiffs in error installed pumps and by such means drew water from the upper plane for their use. That led to the injunction suit discussed in *Hazard v. Bowles Reservoir Co.,* 87 Colo. 364, 287 Pac. 854, where the Arapahoe county district court enjoined those claiming under the junior adjudication (plaintiffs in error in the present review) "from pumping, diverting, appropriating or using in any manner water now or hereafter stored in said Patrick * * * Reservoir from the bottom of said reservoir to a point seven feet above the inside of the bottom of the * * * outlet pipe," and enjoined them likewise as to water now or hereafter flowing into said reservoir through Tule Ditch and passing through said reservoir to the outlet pipe. But basing our holding on the doctrine that the suit should have been brought in the district where the adjudication proceedings were had (Douglas county), we held that the Arapahoe county district court was without jurisdiction and voided the judg-

ment. Subsequently, defendant in error, Bowles Reservoir Co., again presented the issue against the holders of the junior adjudication, this time to the Douglas county district court. It alleged its senior priorities and its right through long usage and necessity to enjoy gravity delivery of the water, both storage and direct flow, to which it claimed to be entitled, and prayed:

"That a writ of temporary injunction issue * * * against each of said defendants, their agents, employees and assigns, enjoining and restraining them * * * from pumping, using or taking any of the water from said Patrick Reservoir contained in said reservoir from the bottom of said reservoir to a point seven feet above the bottom of the present outlet pipe of the Joseph W. Bowles Reservoir * * * and that upon a final hearing said injunction be made permanent.

"That there should be entered a decree quieting title in this plaintiff in and to the water contained in said reservoir from the bottom of said reservoir to a point seven feet above the bottom of the present outlet pipe of plaintiff."

Disposition was made of this second suit on an agreed statement of facts set forth in *Bowles Reservoir Co. v. Bennett*, 92 Colo. 16, 18 P. (2d) 313, where we reversed a judgment of dismissal entered by the trial court and directed entry of judgment according to the prayer in the complaint already quoted. The trial court decreed accordingly, saving to defendants in the suit (plaintiffs in error here) the privilege outlined in the last paragraph of our opinion to the effect that if they still desired to pump water from the reservoir, they might present to the trial court a formal plan to that end, permission to be granted in the court's discretion, and conditioned in any event that they "make up, at their own expense, and by other means than the gravity outlet, and to the extent of the deficiency caused to the plaintiff by their own withdrawals from the reservoir both in quantity of water and timeliness of delivery, as

such quantity is represented by plaintiff's prior appropriations, including the appropriation by means of plaintiff's Tule ditch.'' Plaintiffs in error here have not challenged that decree, nor within the time limited, or at all, did they avail themselves of the alternative provision. Instead, they again proceeded to pump water from the reservoir, quite as if they were senior in right rather than junior, and as if no injunctive order had entered. Their persistence led to citation for contempt and the judgment of which they complain.

Considering that the capacity of the reservoir above the bottom of the outlet pipe is 555 acre feet, and that that space was definitely assigned to defendant in error in its senior adjudication for storage, we are at a loss to understand how plaintiffs in error could have believed their junior adjudication, 558 acre feet, or any part thereof, could be stored in the same space. But evidently they did so believe, and over defendant in error's protest they pumped water from the reservoir in their own interest. Their act in that regard led to the injunction suits initiated by defendant in error, reviewed in the cases in the 87th and 92nd Colorado reports, supra, resulting, as we have seen, in a decree, ''That the title in and to the Tule Ditch priority right and the Patrick Reservoir priority right adjudicated as aforesaid, and in and to the water represented thereby, including all water now or hereafter contained in said reservoir from the inside of the bottom of said outlet pipe in said reservoir, to a point seven feet above the inside of the bottom of said outlet pipe, being 18.6 cubic feet per second during the irrigating season for the priority right of said Tule Ditch and 555 acre feet per annum for the priority right of said Patrick Reservoir, with the right to have the supporting water underneath, namely, the water from the bottom of the reservoir to the inside of the bottom of the outlet pipe and amounting to 558 acre feet retained and replenished in the reservoir for supporting purposes so that the water above the outlet pipe will flow

through the outlet by gravity, whether the water thus flowing out be that represented by said Tule Ditch priority or by said Patrick Reservoir priority, is hereby quieted and confirmed in the plaintiff [defendant in error here] as against any demands in law or in equity of or by the defendants * * * [plaintiffs in error here] * * * and they and each of them are hereby permanently enjoined from claiming, and forbidden to claim, any right, title, interest or estate in or to said water rights and water, hostile or adverse to the title or possession of the plaintiff herein [defendant in error here] and from commencing or bringing any suit at law or in equity to disturb the plaintiff [defendant in error here] in its said title or possession and from setting up any claim, interest or estate therein hostile or adverse to the title and possession of this plaintiff [defendant in error here] and from disturbing said plaintiff in the quiet and peaceful enjoyment of said water rights and water.'' This injunctive order, as we conceive, gave form and body to the spirit of defendant in error's senior priority decrees, and for the purposes of this proceeding became the law of the case. The trial court rightly adjudged that its violation constituted contempt. Let there be order of affirmance.