No. 17,233.

KALISH *v.* BRICE ET AL.
(274 P. [2d] 600)

Decided September 27, 1954. Rehearing denied October 18, 1954.

Mr. ISAAC MELLMAN, Mr. GERALD N. MELLMAN, for plaintiff in error.

Mr. BERNARD J. SEEMAN, Mr. JAMES D. DOYLE, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

APRIL 22, 1950, H. B. Stroup, as owner, and W. Bonner Brice, gave Lawrence Kalish an option to purchase approximately thirty-five acres of land in Arapahoe county for $750.00 an acre, upon which Kalish paid $1,000.00. According to the terms of the option, title was to be merchantable in the seller and the seller would deliver a warranty deed on or before May 20, 1950; it further was provided that if the title was not merchantable and the purchaser gave written notice of defects within the time provided for delivery of the deed, and the title was not rendered merchantable within ninety days after such written notice, the option shall be void, of no effect, and both parties released from all obligation, and the payment made thereunder be returned forthwith to purchaser, upon return of the abstract to the seller.

Kalish, the purchaser, found defects in the title, and on May 18, 1950, gave the seller written notice of the defects, which the seller did not remedy or correct within the ninety days, and Kalish demanded return of his deposit of $1,000.00, which the seller refused.

Kalish filed a complaint against the sellers, Brice and Stroup, in the district court of Arapahoe county on March 13, 1952, in which he alleged facts as above recited and prayed for a return of his deposit. The record is silent as to any showing of service of summons on the defendants, and no appearance made by them, and on January 30, 1953, plaintiff Kalish filed an amended complaint setting up the same facts, sought specific performance of the option, and prayed that the property be conveyed to him. March 3, 1953, defendants filed a motion to dismiss the amended complaint on two grounds: First, that the amended complaint states a new and distinct cause of action from the original complaint; and secondly, that the amended complaint does not state facts sufficient to constitute a cause of action. Upon hearing, the court, March 23, 1953, sustained the motion as to the first paragraph, and thereafter, on the 25th day of May,

1953, entered an order dismissing the action with prejudice.

The record as filed herein affords us but little guidance, and it is not explained as to why defendants did not enter an appearance between March 13, 1952, the date of filing the original complaint, and January 30, 1953, the date of the filing of the amended complaint, if they were served with process; however, according to the record, there was no responsive pleading filed during that period, and rule 15 (a) R.C.P., Colo. provides, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed * * *."

Counsel for defendants in error contend that plaintiff having elected to disaffirm the option and seek a return of his deposit, that his election of remedy was final and he was precluded from later filing an amended complaint reversing himself in an endeavor to affirm the option and seek specific performance. Counsel for plaintiff confine their argument to the question of the propriety of the court's ruling in granting the first paragraph of the motion to dismiss which was to the effect that the amended complaint states a distinct, new and different cause of action from the original complaint. The original complaint was an action in law for money demand, while the amended complaint sets forth an action in equity for specific performance. Counsel for plaintiff insist that under rule 15 (a) R.C.P. Colo., they could amend the pleading once as a matter of course at any time before the filing of responsive pleading.

Counsel for defendants contend that plaintiff having elected to disaffirm the option and seek return of his deposit, this election of remedy was final and he could not later reverse himself by affirming the option and seeking specific performance thereof.

At the time of default, plaintiff was in command of the situation and could have accepted the defective title or demand a return of his deposit as provided in

the option. It appears that his first objective was to obtain a return of his deposit through a written demand, and finally, by his original complaint herein. Defendants did not file a responsive pleading to this complaint and plaintiff was not bound thereby as an election of remedies. He was permitted to change his mind and seek performance of the option by an amended complaint, allowable under rule 15 (a) supra, and defendants were in no position to compel the course of action plaintiff was to follow and could not dictate as to his election of remedies. Had defendants answered the original complaint, then an argument against changing the cause of action would have been available. Paragraph one of defendants' motion to dismiss the amended complaint was improper and should have been denied. Defendants, through the action of plaintiff, were confronted with an answer to specific performance and nothing else. The amended complaint superseded the original complaint and thereby became the pleading which defendants were called upon to answer. *Handy Ditch Co. v. Greeley & Loveland Irrigation Co.*, 86 Colo. 197, 280 Pac. 481.

The final election of plaintiff, whereby he elected to seek specific performance, and defendants' appearance, made this the final and binding election. In this case it is not a question of allowing an amendment, but rather, it is an amendment that plaintiff was entitled to make as a matter of course, and under the circumstances here, did not lead to the surprise of, or injury to, defendants, because it all grew out of one transaction and was based upon one written instrument, the terms of which defendants were fully aware, and by their default, placed themselves in the position where they could expect to be compelled to respond to whichever course plaintiff might choose.

 Counsel for plaintiff is supported in their contention that the amended pleading was in accordance with plaintiff's right by Address No. 4 on Rule 15(a), R.C.P., Colo., to be found at page 461, Replacement Vol. I, '35

C.S.A., wherein it is stated: "If a pleader wishes to change a pleading which sounds in tort to one sounding in contract, or vice versa, it should be permitted, so long, of course, as the facts are germane to the transaction or occurrence which is the basis of the claim."

■ Finally, the trial court was in error in dismissing the action with prejudice on an oral motion of counsel for defendants, because there could be no ground upon which such a dismissal could be based after the court's order in sustaining paragraph one of the written motion to dismiss the amended complaint. The amended complaint stated a cause of action based on the written option, and, as we have herein indicated, was sufficient as against a motion to dismiss, and the trial court's order, "that this action must be, and is, hereby dismissed with prejudice," is erroneous.

Accordingly the judgment of dismissal is reversed and the cause remanded with directions to reinstate the amended complaint, and for such further proceedings as may be advised.

Mr. Justice Clark concurs in the result.