### No. 27646

**The State of Colorado Department of Natural Resources, Division of Wildlife v. The Honorable Robert W. Ogburn, Water Judge, Water Division No. 3, and the Honorable Fred Calhoun, Water Judge, Water Division No. 4, State of Colorado**

(570 P.2d 4)

Decided September 19, 1977.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, for petitioner.

Honorable Robert W. Ogburn, Honorable Fred Calhoun, respondents pro se.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding for a determination as to whether a change of use of water should be heard by the Water Court in Water Division No. 3 or the Water Court in Water Division No. 4. We rule that the court in Division No. 3 is the preferable tribunal.

The Tabor Ditch No. 2 and the Tabor Ditch No. 2 Enlargement have decrees for 6.2 cubic feet per second of time (c.f.s.) and 15.21 c.f.s. with priority dates of July 2, 1937 and May 15, 1950, respectively. This ditch diverts water from a fork of Cebolla Creek, a tributary of the Gunnison River, being in Water Division No. 4. From the time of construction, water has been carried in the ditch across the Continental Divide into Corral Creek, and then into Clear Creek and into the Rio Grande River. The ditch's water is diverted from the river into the Minor Ditch. The water has been used for irrigation. Upon crossing the Continental Divide this water is within Water Division No. 3. It is used there.

The State of Colorado, Department of Natural Resources, Division of Wildlife, purchased these water rights. The Division of Wildlife seeks to change the use of the water to fish and game purposes, such as maintenance of fish conservation pools in reservoirs and maintenance of wet land areas for the benefit of water fowl. In an attempt to accomplish this, it filed an application for change of use in the Water Court for Water Division No. 4. The referee in that division granted the requested change. The water judge, however, declared the referee's ruling to be contrary to law, denied the application, and instructed the applicant to file its application in the Water Court for Water Division No. 3.

The Division of Wildlife filed an application for change of use in the Water Court for Water Division No. 3. The water judge there entered a judgment of dismissal, ruling that his court lacked jurisdiction over the subject matter of the application.

The Division of Wildlife then brought this original proceeding against the two water judges. We issued a rule to show cause. No objectors appeared in either court, and each of the two judges has appeared here pro se.

The following is from the answer of Judge Calhoun, the Water Judge of Water Division No. 4:

"The Respondent Judge would be one of the first to admit that the Petitioner appears to have a problem to which there is no statutory nor case law solution. The Water Judge of Division No. 4 is unaware of any statute placing jurisdiction for the purposes of change of use of trans-basin diversion water which would or could affect junior appropriators of vested water rights òr decreed coṅditional rights in the drainage basin of the place of use. The problem presented by this case will not be the only fact situation similar to this which will arise in the State of Colorado. Guidance will have to be given the Water Courts by legislative enactment of a statute covering this point or by the Supreme Court in interpretation of intent of the legislature where there is apparently no intent manifested nor considered. As the population of the State of Colorado continues to grow and agricultural decrees are changed to municipal, domestic or industrial purposes, and the origin of the water is in a basin other than the origin of use, the same problem will arise."

■ The Attorney General, representing the Division of Wildlife, takes the position that there is here involved a matter of jurisdiction and not venue, citing *Farmers' Ditch & Reservoir Co. v. Boyd Lake Reservoir & Irrigation Co.*, 66 Colo. 29, 178 P. 561 (1919); *Love v. Redden*, 61 Colo. 133, 156 P. 599 (1916); and *Weiland v. Reorganized Catlin Consolidated Canal Co.*, 61 Colo. 125, 156 P. 596 (1916). On the contrary, we think each of the two courts has jurisdiction. The question before us is which is the preferable court. This is, in a sense, a venue question. We agree with the Attorney General that the Water Court of Division No. 4 would have jurisdiction in this matter by virtue of the cases he cites.

*Twin Lakes Reservoir and Canal Co. v. Aspen*, 193 Colo. 478, 568 P.2d 45, involved a change of use of water diverted from streams in western Colorado through a transmountain tunnel for use in eastern Colorado. We there said that once the water flows into the tunnel, so far as Western Slope users are concerned, there is a 100% consumptive use.[1]

The Water Right Determination and Administration Act of 1969 provides that any person desiring a change of water rights "shall file with the water clerk in quadruplicate a verified application setting forth facts supporting the rulings sought. . . ." Section 37-92-302(1)(a), C.R.S. 1973. The statute does not specify which water clerk.

Since the proposed change of use in this case does not in any respect affect water in Division No. 4, we find the legislative intent in a situation such as this to be that the Water Court in Water Division No. 3 also has jurisdiction. For the same reason the appropriate court for the

---

[1] It is of interest that the change of use proceedings were by· the Water Court in Water Division No. 5, which embraces the Colorado River and some of its tributaries, all in western Colorado. The question here was not raised in that case.

determination of the requested change of use is the latter court. If we were here concerned with a change of point of diversion from the headgate on Cebolla Creek, the appropriate court would be that in Water Division No. 4.

Accordingly, our rule to show cause is discharged as to the respondent Judge Calhoun. It is made absolute as to the respondent Judge Ogburn, who shall reinstate the application and proceed to hear the matter.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent from the majority opinion. While I am in agreement with the approach taken in the majority opinion, I cannot concur in the result which the majority reaches.

An important part of the water right application process is the preparation by the water clerk of a resume describing the application and its publication. Section 37-92-302(3), C.R.S. 1973. The resume serves notice of the application to all persons in the water division who must take action to protect their rights.

The majority states that once trans-mountain diversion waters flow into the tunnel, 100% consumption occurs as far as the "losing" division is concerned. It then concludes that the legislative intent was that applications for changes in use be filed in the division of use, since the proposed change would not effect any water rights in the "losing" division.

The majority ignores the legal fact that appropriators of water rights in the "gaining" division cannot establish rights in the imported water as against the importer. In *City and County of Denver v. The Fulton Irrigating Ditch Co.*, 179 Colo. 47, 506 P.2d 144 (1972), this court held that an appropriator who lawfully introduces foreign or imported water into a stream system may use, reuse, make successive use of, and after use make disposition of that water. This right is also guaranteed by statute. Section 37-82-106, C.R.S. 1973.

Since no injury can result to appropriators in either division by the proposed change of use, no good purpose is served by requiring the application be filed in the "gaining" division. Indeed, the common and established practice, inferentially admitted by the majority's citation of *Twin Lakes Reservoir and Canal Co. v. Aspen*, 193 Colo. 478, 568 P.2d 45, is for such applications to be filed in the division of diversion. The majority concedes that a change in point of diversion application must be filed in the "losing" division, presumably on the ground that rights in that division might be injured. To hold that applications for a change of use for the same water right must be brought in the "gaining" division, when no injury will result in either, can only result in confusion and misfilings.

I would, therefore, hold that the proper venue for these applications is in the division of diversion, in this case, Water Division No. 4.