[No. 3860.]

THE FLORENCE OIL & REFINING CO. ET AL. v. McCANDLESS.

1. CONTRACTS—SPECIFIC PERFORMANCE—CONVEYANCE OF LAND.
A vendee, in possession of land purchased, cannot remain in possession and enjoyment and refuse to pay the purchase price because of an incumbrance by the recording of a judgment against the vendor where the vendor offers to indemnify him against the judgment, and because a small portion of the land of inconsiderable value and not affecting the use and value of the balance was laid out in town lots and a part dedicated to the public use as streets and alleys.

2. SAME.
A vendee who purchases land under a contract entitling him to a title free from incumbrance is not bound to accept one doubtful or defective, but where the vendor is unable to make title to all the land, and the part he cannot convey is of small importance or immaterial to the uses and enjoyment of that which he can convey, and the purchaser retains possession, the vendor may insist on performance with a proportionate abatement from the purchase price.

3. SAME.
Where a vendor is unable to carry out his contract by reason of a failure of title to part of the land conveyed, the vendee may accept conveyance of the land as it is, with a corresponding abatement of the purchase price, or he may rescind the contract, and if he rescind the contract he must offer to restore possession upon repayment to him of any money advanced with interest and the value of any improvements he may have placed on the premises, less the sum he has derived from their use and enjoyment.

*Appeal from the District Court of Fremont County.*

ON October 26, 1889, the Florence Oil & Refining Company purchased of James A. McCandless several parcels of

land, in the vicinity of the town of Florence, at the agreed price of $24,895, payable in monthly installments.   Four warranty deeds conveying the land were placed in escrow with the First National Bank of Pueblo, to be delivered to the company upon full payment of the stipulated price.   The company at once entered into, and still holds, possession of the property.   It made the monthly payments in conformity with the agreement down to and including the payment falling due on September 26, 1892, amounting to the sum of $16,200.   No payments subsequently falling. due have been paid.   This action is brought to enforce a vendor's lien for the balance of the unpaid purchase money.

As a defense to appellee's right to maintain the action, appellants set up two separate defects in the title to the premises.

*First.*  That appellee, since the sale to the Florence Oil & Refining Company, on the 14th day of July, 1894, voluntarily and without the knowledge or consent of the company, platted a part of the property into an addition to the town of Florence, and dedicated to the public use, out of the territory sold, a street and alley.

*Second.*  That on the 26th day of October, 1895, a transcript of a judgment rendered in the county court of Arapahoe county against appellee and others was filed for record in the office of the county clerk and recorder of Fremont county, and that the same became and is a subsisting lien against the land.   Appellee admits that he filed the plat for an addition to the town of Florence, but denies that he intended to include any of the lands sold, and alleges that the draughtsman who made the plat, by inadvertence included therein what is described as block nine of said addition, which was a fractional block; denies that he platted or dedicated to the public use any street or alley, and alleges that he had not sold or offered for sale any lot in said block; denies that the filing of the plat in any way diminished the value of the premises sold; admits that one W. D. Lawson recovered a judgment against him, together with other persons, for the sum. of $773.64 and

a transcript of such judgment was filed in the office of the clerk and recorder of Fremont county.

It is further admitted by stipulation of the parties, that appellee appealed from the judgment to the district court of Arapahoe county, and in taking said appeal, filed a bond in the sum of $1,600, which was approved; that afterwards, such appeal was dismissed by the district court; from such order of dismissal, McCandless appealed to the court of appeals, and filed an appeal bond in the sum of $300, which bond was approved, and that said appeal, at the time of the trial, remained undetermined. Upon the trial of the cause, the appellee, in order to secure appellants against a lien for this judgment, by leave of court deposited with the clerk the sum of $1,000. The court below, after hearing the evidence touching the filing of the plat, held that the defect of title, if any, occasioned thereby, was such as could be compensated for in damages, and of its own motion offered leave to appellants to amend their answer, and introduce evidence in support of any damages they may have sustained by reason thereof. But appellants' attorneys, refusing to amend their answer or to introduce any evidence upon this matter, the court rendered judgment against the Florence Oil & Refining Company for the sum of $11,961 and costs, being the amount of the unpaid purchase price, together with accrued interest, and adjudged the same to be a lien upon the property, and ordered that in case of default of payment of said sum in the time specified, the land be sold to satisfy such claim. To review this judgment the defendants bring the case here on appeal.

Mr. JAMES T. LOCKE, for appellants.

Mr. CHARLES D. BRADLEY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented for our determination is whether, under the facts as presented by the record in this case, the

appellee is entitled to maintain this action; in other words, whether the appellant, the Florence Oil & Refining Company, being in possession and enjoyment of the land in controversy, can continue therein and refuse to pay the balance of the purchase price because of the incumbrance caused by the existence of the judgment lien, and because of the platting and laying out of a portion in town lots, and the alleged dedication of a part to the public use as a street and alley. It will be conceded that a vendee who purchases land under a contract entitling him to receive an unincumbered title is not bound to take one that is doubtful or defective. In other words, he is entitled to have that for which he contracts before he can be compelled to part with the consideration he agreed to pay. But, notwithstanding this general rule, there are many cases, owing to special circumstances, where although the vendor may be unable to convey all the land bargained for, and the part that he cannot convey is of small importance, or is immaterial to the purposes and enjoyment of that which he can convey, and the purchaser retains possession, he may insist on performance, with a proportionate abatement from the agreed price. Chancellor Kent states this exception to the general rule as follows:

"In many cases, however, where the title proves defective in part, or to an extent not very essential, specific performance will be decreed, with a ratable deduction of the purchase money, by way of compensation for the deficiency." 2 Kent's Com. 475.

Furthermore, if by reason of a substantial defect in the title, the vendor is unable to carry out the contract on his part, it by no means follows that a vendee who has acquired possession thereunder can retain such possession, refuse to accept a conveyance, and arbitrarily refuse any performance on his part. He may elect to accept the title as it is, with such a reduction of the purchase price as will compensate him for the deficiency (Pomeroy on Contracts, Specific Performance, § 438 and cases cited), or rescind the contract. If he elects to rescind, he must offer to restore possession upon

the repayment to him of the money advanced, with interest, and the value of such improvements as he has placed on the premises, less the sum he has derived from their use and enjoyment. In such case, unless the amount he is entitled to recover be paid, or secured to his satisfaction, he may retain possession until this is done. *McIndoe v. Morman,* 26 Wis. 588; *Taft v. Kessel,* 16 Wis. 291; *Foley v. Crow,* 37 Md. 51; *Davison v. Perrine,* 22 N. J. Eq. 87; *Wiley v. Howard,* 15 Ind. 169; *Stoddart v. Smith,* 5 Binney, 355; *Woodman v. Freeman,* 25 Me. 531.

It is clear, therefore, that in the circumstances of this case, the appellee was entitled to avail himself of the remedy afforded by this action. The objection based upon the judgment lien was obviated by the deposit in court of a sufficient sum to remove that incumbrance, in case the judgment was affirmed by the court of appeals.

Regarding the further objection, predicated upon the alleged dedication of a portion of the land to the use of the public for a street and alley, if such dedication was in fact made, and was not acquiesced in by the company as claimed by appellee, it could not in its very nature affect the use and enjoyment by the company of the residue of the land. It at most deprived it of the use of the surface of a small and inconsiderable part of the land sold, and had appellants seen fit to amend their answer, as suggested by the court, and introduce proof of the damages occasioned thereby, they would have been allowed a proportionate reduction of the purchase price. But, having declined to do so, the court below could not, under the issues joined and the evidence introduced, render any other judgment than it did. The judgment, therefore, must be affirmed, which is accordingly done.

*Affirmed.*