No. 15,460.

BERRYMAN *v.* BERRYMAN.
(172 P. [2d] 446)

Decided August 12, 1946.

Mr. LEWIS C. RUSH, Mr. JOHN J. MORRISSEY, Mr. BEN-JAMIN C. HILLIARD, JR., for plaintiff in error.

Mr. EDGAR McCOMB, Mr. GODFREY NORDMARK, Mr. RALPH L. CARR, Mr. JEAN S. BREITENSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THE complaint in this cause contains all the usual allegations for divorce, including residence, marriage, cruelty and desertion. The prayer is for limited divorce

(judicial separation), equitable division of property, and "such other and further relief as may be proper." The trial court sustained a motion to dismiss for failure to state a claim upon which relief can be granted.

In the terms of the former code we have a statement of the facts constituting a cause of action in ordinary and concise language and a demand for the relief which plaintiff claims. In the terms of the new rules of civil procedure, we have a plain statement of claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled. Assuming that the specific relief prayed for cannot be granted under our Colorado statutes, we have here presented the question whether the complaint shall be judged by its allegations or by its prayer; by its statement of claim and facts showing plainly that plaintiff is entitled to relief, or by its request for a relief to which he is not entitled. If the complaint is to be judged by the latter, the motion to dismiss was properly sustained; if it is to be judged by the former, the motion to dismiss should have been denied.

Under the old procedure, the motion to dismiss for failure to state a claim would have been by general demurrer for failure to state facts sufficient to constitute a cause of action. As to such demurrer we said in *Stratton v. Beaver Farmers' Canal and Ditch Co.*, 82 Colo. 118, 257 Pac. 1077: "The only other ground stated in the demurrer was insufficient facts. A demurrer will not lie to a complaint because the facts do not justify the specific relief prayed, if they justify other relief. *Waterbury v. Fisher*, 5 Colo. App. 362, 370-371, 38 Pac. 846; *Tarabino v. Nicoli*, 5 Colo. App. 545, 552-554, 39 Pac. 362. If, then, the facts stated were sufficient to justify any sort of relief for plaintiff, the demurrer could not rightly be sustained on this latter ground. * * *."

And again in *McCreery v. Miller's Groceteria Co.*, 99 Colo. 499, 64 P. (2d) 803, speaking through Mr. Justice Butler: "The demurrers are general on the assigned

ground that the complaint does not state facts sufficient to constitute a cause of action. A demurrer on that ground presents only one question; namely, 'Does the law, assuming the facts to be true as stated, give the plaintiff any right to demand anything of the defendant; or, conversely, do the facts cast on the defendant any legal duty toward the plaintiff?' Denison, Code Pleading, §198. 'Such demurrer cannot be sustained to a complaint which shows a right to any kind of relief.' Id. In *Stratton v. Beaver Farmers' Canal & Ditch Co.*, 82 Colo. 118, 257 Pac. 1077, we said: 'If, then, the facts stated were sufficient to justify any sort of relief for plaintiff, the demurrer could not rightfully be sustained on this latter ground [i.e., insufficient facts].' To the same effect, see: *Bayless v. Kansas Pacific Ry. Co.*, 13 Colo. 181, 196, 22 Pac. 341; *Herfort v. Cramer*, 7 Colo. 483, 4 Pac. 896; Bliss on Code Pleading, §425. In 21 R.C.L., p. 519, it is said that 'a complaint, to be bad on [general] demurrer, must be wholly insufficient; if to any extent, or any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained.' See the many cases there cited.

"In order to determine whether or not the action of the trial court in sustaining the demurrers was right, we must analyze the complaint to see whether its allegations state a cause of action—not a cause of action in tort alone, but *any* cause of action. If the allegations are true, do they justify a recovery on any theory? If they do, it was error to sustain the demurrers."

See, also, *Snell v. Public Utilities Com.*, 108 Colo. 162, 114 P. (2d) 563.

In defendant's brief are cited several decisions of this court where complaints apparently setting out facts sufficient for relief were held demurrable because the actions sought special writs. It was because of such result that our Rule 106 was adopted abolishing forms of writs and special forms of pleadings formerly required. Here,

no such form of writ is involved, even under the old code.

 Our new rules of civil procedure, adopted almost in their entirety from the new federal rules, are intended to simplify pleadings and to eliminate delay. We have not had occasion to construe Rules 8 (a) and 54 (c), but they have been repeatedly applied by the federal courts.

In *Securities & Exchange Com. v. Timetrust, Inc.*, 28 F. Supp. 34, the court said: "The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required. Pleadings shall be so construed as to do substantial justice." The opinion also quotes a former president of the American Bar Association: "If wisely administered, the Rules should do much to eliminate the complaints of laymen and of lawyers alike as to the technicalities of the law, the subtleties of practice, and the involvements of procedure. Their object must at all times control — 'to secure the just, speedy and inexpensive determination of every action.'"

In *Hunkin-Conkey Const. Co. v. Pennsylvania Turnpike Com.* (M.D. Pa., 1940), 34 F. Supp. 26, on motion to dismiss, the court said: "The final contention of the defendants is that this is not a proper case for declaratory relief. * * * However, the court is not restricted in this action to giving declaratory relief * * *. If the plaintiff has mistaken his remedy, but has set forth facts showing that he is entitled to relief of a kind which this court can grant, the fact that he asks for a declaratory judgment is not a bar to the granting of the appropriate decree."

In *Keiser v. Walsh*, 118 F. (2d) 13, motion to dismiss was granted below, but the circuit court of appeals reversed the ruling, saying: "We need not consider whether appellant has asked for the proper relief. By

Rule 54(c) of the Federal Rules of Civil Procedure ' * * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' Accordingly a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant."

In *Gay v. E. H. Moore, Inc.*, 26 F. Supp. 749 (1939) the court said, inter alia: "Plaintiff has misconceived his remedy and is seeking relief to which he is not entitled under the law, but this does not mean that his petition should be dismissed; for, if under the allegations of the petition he is entitled to any relief, the court upon a hearing may grant him the relief to which he is entitled regardless of the prayer in the petition, Rule 54(c)."

In *Kansas City, St. L. & C. R. Co. v. Alton R. Co.*, 124 F. (2d) 780, a motion to dismiss directed to the complaint generally was sustained by the district court. On appeal the court said: "We do not think that the prayer on this part of the complaint is for equitable relief. Even if it were, the prayer does not control. The prayer may be looked to to help determine the relief to which the appellant is entitled, but it is not controlling.

" 'The question is not whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy.' Catanzaritti v. Bianco, D. C., 25 F. Supp. 457."

"If the appellant has stated a cause of action for any relief, it is immaterial what he designates it or what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded." The case was reversed, with instructions to overrule the motion to dismiss.

Patently the complaint is sufficient to withstand either a demurrer under the code or a motion to dismiss under the new rules.

But it is urged that the plaintiff does not seek a

divorce to which his complaint would properly entitle him, but only improper relief. Had plaintiff anywhere declared his intent to seek limited divorce only, and to refuse other relief, the legality or propriety of such relief might properly have been determined on the motion to dismiss, and should he so declare on remand, it may still be determined on such motion. But nowhere, either in the complaint or elsewhere in the record, is there a suggestion that plaintiff will not accept or does not desire the relief to which he may be legally entitled. The prayer of the complaint is not so restricted, but includes request for division of property and for such other and further relief as may be proper. And to put plaintiff's purpose beyond conjecture, plaintiff now asks, if we be of opinion that it is necessary to sustain his complaint, that the trial court be instructed to permit amendment of his complaint to ask among other things for an absolute divorce. In such a situation, to dismiss plaintiff's complaint, to throw him out of court and make him start his action all over again with the identical complaint, except for the three offensive words of his prayer, savors of ritual worship rather than of justice and squanders the time of litigants and counsel and the officers of the court. No injustice can be done by permitting the complaint to stand; nothing but delay can result from dismissal. Rules of procedure should serve to facilitate, not to impede, the decision of cases on their merits.

The judgment of the court below is reversed with instruction to overrule the motion to dismiss.

Mr. Justice Hilliard did not participate.

Mr. Justice Burke and Mr. Justice Bakke dissent.