FANCHON & MARCO, Inc., et al. v. PARAMOUNT PICTURES, Inc., et al.

No. 154, Docket 22534.

United States Court of Appeals Second Circuit.

Argued Feb. 3, 1953.

Decided March 9, 1953.

Russell Hardy, Washington, D. C. (John Harlan Amen, New York City, and James Wallace Kemp and Russell Hardy, Jr., both of Washington, D. C., on the brief), for plaintiffs-appellants.

Albert C. Bickford, New York City (Simpson, Thacher & Bartlett, Irving Parker and David S. Junker, all of New York City, on the brief), for defendants-appellees.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

## CLARK, Circuit Judge.

This is an action for relief under the antitrust laws, 15 U.S.C.A. §§ 15, 16, involving the operation of moving picture theatres in Hollywood, California, the restraint of trade relied on being the control of movie distribution condemned in the Paramount case, United States v. Paramount Pictures, Inc., D.C.S.D.N.Y., 66 F. Supp. 323; Id., D.C., 70 F.Supp. 53; Id., D.C., 85 F.Supp. 881; Id., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260; United States v. Loew's, Inc., 339 U.S. 974, 70 S.Ct. 1032, 94 L.Ed. 1380. Plaintiff Fanchon & Marco, Inc., owns fifty per cent of the stock of its co-plaintiff, Paramount Hollywood Theatre Corporation. Defendant Paramount Pictures, Inc., owned the other fifty per cent until December 30, 1949, when its shares were transferred to United Paramount Theatres, Inc., pursuant to the divestment requirements of the decree in the Paramount case. United has been permitted to intervene as a defendant in this case; and its answer, denying the plaintiff's claims with special defenses, contains also a counterclaim for a declaratory judgment and an injunction.

The plaintiffs' suit is upon three claims, based on essentially the same violations of the antitrust laws: one a claim by Fanchon & Marco individually for injury to its property and business, another the Theatre Corporation's claim of injury on the same facts, and the third a claim by Fanchon & Marco as a shareholder bringing a derivative suit for the benefit of the Theatre Corporation for the same injury. From the facts alleged in the amended complaint it appears that Fanchon & Marco obtained a ten-year lease on a moving picture theatre in Hollywood in 1941, with an option for renewal for an additional ten years. Then it arranged for development of this business with Paramount Pictures. To take over the newly acquired lease and operate the theatre, the two corporations organized Paramount Hollywood Theatre Corporation as a Delaware corporation in 1942, with each organizing corporation receiving one-half the stock and naming two of the four directors. The new corporation then made a contract with Paramount for obtaining a distribution of pictures from the latter. It is now the claim of plaintiffs that through the restraint found by the court in the Paramount case the Theatre Corporation was unlawfully deprived of the competitive service of Paramount in supplying first-run movies and suffered a loss in profits accordingly. It is further claimed that the Theatre Corporation purchased a theatre site in Beverly Hills, but was prevented by Paramount from building a theatre in this potentially profitable part of the Los Angeles area. In their action begun on March 30, 1949, plaintiffs ask for treble damages and attorneys' fees in a total of some three million dollars, together with an order enjoining the defendants from voting the stock held by them in the Theatre Corporation and ordering them to return the stock to that corporation. The counterclaim of defendant-intervenor United asks for a declaratory judgment that it is the lawful owner of this stock and an injunction against interference with its ownership or the functioning of the Theatre Corporation.

On extended pre-trial hearings after the answers were filed, the judge considered a motion to dismiss by the defendants, together with affidavits and depositions. Thereafter in a reasoned opinion, D.C.S.D. N.Y., 107 F.Supp. 532, he granted the motion, ruling that Fanchon & Marco had shown no individual injury to itself, that suit on behalf of the Theatre Corporation had not been authorized by its directors, and that Fanchon & Marco could not maintain a shareholder's derivative suit "in equity" for treble damages under the anti-trust act. As to the first claim the judge pointed out possible grounds for claiming direct injury to Fanchon & Marco, and left the matter open for it to amend. He dismissed the other two claims finally, but reserved United's counterclaim for further action by the court. Question being raised at the argument before us as to the appealability of the order, the parties have since filed a stipulation and consent for disposition of the appeal upon the record, as supplemented by an order of the district court, dated February 6, 1953, which amends the previous order of dismissal "nunc pro tunc," and a final judgment to the same effect. In the new order the judge recites that since Fanchon & Marco has elected not to amend, all the plaintiffs' claims are dismissed finally, the counterclaim being preserved by the judge's finding pursuant to F.R.C.P. 54(b), 28 U.S.C., that there is no just reason for delay as to final judgment on the plaintiffs' claims. The appeal is now in shape for final disposition; while we doubt any efficacy to the mystic words "nunc pro tunc," nothing turns upon them at this time. In view of the obvious insufficiency of the first claim, as pointed out by the judge, and plaintiffs' declination of any attempt to patch it up, we have for consideration only the latter two claims.

We agree with the judge in his dismissal of the Theatre Corporation's action as unauthorized and in the reasons he assigns, 107 F.Supp. at pages 537–540. This suit was started by action of Mrs. Fanchon Simon, president and one of the directors of the Theatre Corporation, on her own authority as president and upon vote of herself and her co-director representing Fanchon & Marco, without any notice to the two directors representing Paramount. This was justified on the naive reason that it was known the latter would oppose the action and that they were disqualified because of interest; why the acts of the two acting directors were not subject to a like infirmity is not disclosed. Moreover, the certificate of incorporation itself negates any such theory of disqualification. Article 12 validates transactions with corporations in which a Theatre Corporation director is interested, even if his vote is necessary to authorize those transactions, so long as the other directors know of his interest; and the Article further exempts the interested director from liability for any loss incurred in connection with such transactions. The adverse interest of the two directors representing Paramount here was, of course, obvious, so that their disqualification would certainly run counter to the spirit, if not the letter, of the Article. We need not stop here to discuss the other articles in the certificate of incorporation or the by-laws of the corporation; they are thoroughly considered in the judge's opinion and do not yield any unusual powers to the president. It may be agreed that a president may authorize normal litigation without thereby finding justification for an action against the single other stockholder which will obviously disrupt corporate activities until terminated and which is known to be opposed by one-half the board of directors. The contention relied on seems too far-fetched to deserve extended consideration. Sterling Industries, Inc. v. Ball Bearing Pen Corp., 298 N.Y. 483, 84 N.E.2d 790, 10 A.L.R.2d 694; Motor Terminals, Inc. v. National Car Co., D.C.Del., 92 F.Supp. 155, affirmed 3 Cir., 182 F.2d 732.

As the cases cited point out, this conclusion makes more apparent the need of the remedy of a stockholder's derivative action; and we turn now to that final and most interesting claim. The district court ruled that "a stockholder's derivative suit does not lie for the recovery of treble damages under the anti-trust laws, because the claim is one at law," citing Fleitmann v. Welsbach Street Lighting Co. of America,

240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505, and United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119. It also discussed the effect of the new Federal Rules of Civil Procedure, effective a couple of decades after the cases cited, saying: "A single form of action is provided for in Rule 2, F.R.C.P., 28 U.S.C.A., but the basic difference between law and equity has not been changed," in support of which it cited Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355. 107 F.Supp. at page 541.

■ The district court's decision can be upheld only on the basis that no stockholder's derivative action of any kind can be brought for a violation of the antitrust laws. For, as is well understood, the one civil action under the rules is used to vindicate any civil power the district court has; the demand for judgment forms no part of the claim for relief, and does not restrict the relief to be granted against those appearing and defending; and as against such parties the final judgment shall grant all the relief to which a plaintiff is entitled, whether or not demanded in his pleadings. F.R. 1, 2, 54(c); Ring v. Spina, 2 Cir., 148 F.2d 647, 653, 160 A.L.R. 371, 2 Cir., 166 F.2d 546, certiorari denied Spina v. Ring, 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368; Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990; Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974; Berryman v. Berryman, 115 Colo. 281, 172 P.2d 446. As a matter of fact the prayers for treble damages here appear only in the demand for judgment. It is quite clear that should the plaintiffs show a claim for equitable relief or for simple damages alone, the court must award them. In citing the Bereslavsky case, the district court overlooked the fact that the nostalgic dicta there called for expansion rather than diminution or eradication of equity, while the actual decision held that the right of trial by jury had not been waived. It enforced wide powers in the district court, rather than the contrary as does the court below.

■ Now there does not seem real doubt but that an antitrust derivative suit will lie; indeed, that seems to follow from the nature of such suits. "The stockholder's derivative action, to which this policyholder's action is analogous, is an invention of equity to supply the want of an adequate remedy at law to redress breaches of fiduciary duty by corporate managers. Usually the wrongdoing officers also possess the control which enables them to suppress any effort by the corporate entity to remedy such wrongs. Equity therefore traditionally entertains the derivative or secondary action by which a single stockholder may sue in the corporation's right when he shows that the corporation on proper demand has refused to pursue a remedy, or shows facts that demonstrate the futility of such a request. * * * The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself." Mr. Justice Jackson in Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 522, 523, 67 S.Ct. 828, 91 L.Ed. 1067. Since the suit is one to enforce a claim of the corporation, the latter is a necessary party. Meyer v. Fleming, 327 U.S. 161, 167, 66 S.Ct. 382, 90 L.Ed. 595. In fact it has been urged that the corporation be treated as the plaintiff in order that "the courts might then be less likely to misunderstand the true nature of the corporation's position in the suit." Defenses in Shareholders' Derivative Suits, 66 Harv.L.Rev. 342, 348. So the antitrust derivative action is quite thoroughly recognized as a proper suit in equity in those cases which have questioned its availability at law, since the shareholder's right to sue in the corporate stead must be first established. See United Copper Securities Co. v. Amalgamated Copper Co., supra; Decorative Stone Co. v. Building Trades Council of Westchester County, 2 Cir., 23 F.2d 426, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005; Meyer v. Kansas City Southern Ry. Co., 2 Cir., 84 F.2d 411, certiorari denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448. And see also Kavanaugh v. Commonwealth Trust Co., 181 N.Y. 121, 73

N.E. 562; Glenn, The Stockholder's Suit, 33 Yale L.J. 580, 582. There is an occasional flat statement, relying on the cases cited, that no derivative antitrust suit will lie, as in Kalmanash v. Smith, 291 N.Y. 142, 157, 51 N.E.2d 681, 688; but, as indicated, the precedents actually look the other way and we can see no reason for such a view. See 52 Col.L.Rev. 1069 in criticism of the decision below. Of course there may well be difficulties of proof; we intimate nothing about that or the possibilities of ultimate success at this time. But we do not think a dismissal for lack of jurisdiction or of possibility of substantive right now justified.

 This is all that is open to us at this time. The question of form of trial may be decided when it is presented. The question of jury trial may never arise; the plaintiffs in fact informed the judge that they intended to waive jury trial. Generally speaking it is wise not to borrow trouble as to questions which may remain dormant. See Hurwitz v. Hurwitz, 78 U.S. App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226; Groome v. Steward, 79 U.S.App.D.C. 50, 142 F.2d 756. But the issue of treble damages may perhaps cause confusion hereafter, as its premonition has already caused upset below. So we shall discuss it briefly. The only case directly in point is the Fleitmann case; the others cited held merely that a derivative action could not be brought "at law" under the then procedure. The Fleitmann case does hold specifically that a party is entitled to a verdict of the jury against him before he can be forced to pay treble damages under 15 U.S.C.A. § 15. This perfectly reasonable view of the policy of the statutory remedy can be enforced without any difficulty in the merged procedure of the present rules. The two major issues of right of the shareholder to sue and of violation of the antitrust laws causing damage to the corporation can be tried side by side or otherwise as may be convenient; that one may go to the jury while the other does not causes no difficulty. United States v. Yellow Cab Co., 340 U.S. 543, 555, 556, 71 S.Ct. 399, 95 L.Ed. 523; Bruckman v. Hollzer, 9 Cir., 152 F.2d 730; Ring v. Spina, supra. The Fleitmann case of course requires that if treble damages are to be assessed, they must be on a verdict by a jury unless that has been waived by both parties, as provided in F.R. 38, 39. There is nothing in the Fleitmann case to hold more; and we do not believe sound policy consistent with greater restriction on the right to treble damages. See 52 Col.L.Rev. 1069, 1071; 61 Yale L.J. 1010, 1020, 1021, 1055, 1062. In fact Justice Holmes left open the case of a bill in equity for "a decree directing the corporation to sue, or, if it fails to do so, permitting the plaintiff to sue in its name and on its behalf," 240 U.S. at page 29, 36 S.Ct. 233, 234, 60 L.Ed. 505, which in substance is what this procedure amounts to under the wider scope of action now permissible. See also the discussion by Justice Brandeis of the effect of a lack of showing of mismanagement or improper refusal to sue by the directors in United Copper Securities Co. v. Amalgamated Copper Co., supra, 244 U.S. at pages 263, 264, 37 S.Ct. 509, 61 L.Ed. 1119.

 As to this one claim of Fanchon & Marco for suit in the right of the Theatre Corporation, the order and judgment must be reversed and the action remanded for further proceedings consistent with this opinion. It seems premature at this time to attempt to pass on other issues, involving injunctive relief, the statute of limitations, the right of Paramount to transfer the Theatre Corporation stock without first offering it to Fanchon & Marco as per the charter, the issues of the counterclaim. Many of these were not considered by the judge below; all can have their proper hearing at trial. The appellants have printed a large Transcript of Record, nearly two-thirds of which consists of lawyers' briefs and arguments and discussions with the judge at pre-trial. Because of this, because, too, their success is only partial, it would seem in the interest of justice that appellants recover only one-half their costs on this appeal. It is so ordered.

Reversed and remanded as directed.

CHASE, Circuit Judge (dissenting in part).

I agree with my brothers except as to the reversal of the order dismissing the complaint which alleges a cause of action based on the asserted right of a stockholder to maintain a derivative suit for the benefit of the corporation to recover triple damages for injury due to the violation of the anti-trust laws. As to that, I agree with Judge Leibell and would affirm the dismissal of this claim for the reasons stated in his opinion. Fanchon & Marco, Inc. v. Paramount Pictures, D.C., 107 F.Supp. 532, 541.