No. 16,910.

KUPER *v.* SCROGGINS ET AL.

(257 P. [2d] 412)

Decided April 27, 1953.

Mr. SAMUEL CHUTKOW, Mr. JOHN C. MULLEN, for plaintiff in error.

Messrs. GORDON & GORDON, Messrs. HASTINGS & LEFFERDINK, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error was defendant, and defendants in error were plaintiffs, in the trial court, and they will herein be so designated.

Plaintiffs were successful in their action against defendant for specific performance of a contract to convey real estate. The ample findings of the trial judge are supported by legal and competent evidence, and disclose that by a written contract, dated April 29, 1948, defendant agreed to sell, and plaintiffs agreed to buy, certain lands in Kiowa county, Colorado, for a total consideration of twenty thousand dollars, title to be in fee simple, free and clear of liens, taxes and encumbrances. It appears that as to a portion of the land to be conveyed, defendant did not own the mineral rights thereto, they being owned by the State of Colorado. Except for this mineral reservation, the title to the land was in defendant and merchantable. Plaintiffs had the abstracts of title to the land examined after the contract was made, discovered the mineral reservation, and thereafter certain correspondence passed between counsel for the respective parties in an attempt to adjust the matter of the mineral reservation. No settlement was made. Plaintiffs in June, 1950 filed their complaint, seeking specific performance of the contract with an abatement of part of the purchase price to compensate for the lack of mineral rights which defendant could not convey. Plaintiffs were ready, willing and able to perform their part of the contract, subject to the abatement above mentioned. The trial court found the value of the land, without reservation of the mineral rights, to be twenty thousand dollars, and that its value with the mineral rights reserved was $19,360. Plaintiffs had paid four thousand dollars on account of the purchase price of the land. The trial court ordered:

"That the plaintiffs shall forthwith deliver to the Clerk of this Court the sum of $15,360.00 together with interest thereon at the rate of 5% per annum from April the 29th, 1948, to the date of such delivery, and

the Clerk of this Court is directed to pay said sum, including interest so collected, to the defendant upon receipt from the defendant of a warranty deed conveying the title to the land described above (six quarter sections), in fee simple, subject to the reservation by the State of Colorado of all oil, gas and other minerals in, under and upon or that may be produced from the North Half of the Southwest Quarter of Section 31, and Northwest Quarter of Section 32.

"That if the defendant should fail or refuse to convey such lands as aforesaid within 15 days after the judgment is entered herein, and the money above provided deposited with the Clerk by plaintiffs, the Court appoints C. E. Hamilton, Clerk of this Court, as commissioner to convey defendant's interest in said lands to plaintiffs."

The record discloses that prior to the institution of this action, defendant repudiated the contract after lengthy negotiations concerning a settlement for the mineral rights which he was unable to convey.

Pursuant to the judgment and decree entered herein, plaintiffs deposited in the registry of the court the money which the court found due from them under the contract. Defendant brings the cause here for review by writ of error.

Under the record as here made, were plaintiffs entitled to the relief granted by the trial court?

It has long been the general rule that a vendee has the right to insist upon performance by the vendor to the extent that the latter is able to perform with an abatement in the purchase price equal to the value of the deficiency or defect. *Prosser v. Schmidt,* 118 Colo. 502, 197 P. (2d) 318; *Wellington Realty Co. v. Gilbert,* 24 Colo. App. 118, 131 Pac. 803; *Cowan v. Kane,* 211 Ill. 572, 71 N.E. 1097; *Pomeroy's Equitable Remedies* (2d ed.), §2256; *Phinizy v. Guernsey,* 111 Ga. 346, 78 A.S.R. 207.

The vendor has no right to force upon the vendee

something which the vendee has not agreed to buy. The vendee, however, has a right, if he sees fit to do so, to accept less than he bargained for and compensation for the loss of that which he does not obtain.

In the instant case defendant in writing expressly contracted to convey all of this real property in fee simple, free and clear of all liens, incumbrances or taxes. This contract was prepared by his representative at a time when they had possession of the abstracts of title to this real property. Plaintiffs when they signed the contract had a right to rely on it as it was submitted to them, and were under no obligation to search the record to ascertain if defendant owned the property which he contracted to sell. We conclude that the fact that the outstanding mineral rights were of record in the State of Colorado when parties entered into the contract, did not deprive plaintiffs of their right to specific performance of the contract under the terms and conditions decreed by the trial court.

■ Counsel for defendant urge that by mistake defendant did not include in the agreement a reservation of the mineral rights. In order to avoid a contract on the ground of mistake, it must be a mutual mistake. Nothing in the record even remotely indicates that there was any mutual mistake in the instant case.

■ There is ample legal and competent evidence in the record to sustain the findings of the trial court. This being so, it must be remembered that on review all questions of fact must be resolved in favor of the judgment. A very careful examination of the record discloses that the trial judge applied the proper rules of law, hence the judgment is affirmed.