No. 20693.

ROBERT L. MURDOCK, ET AL., *v.* DENVER POPE, ET AL.
(396 P.2d 841)

Decided November 9, 1964.    Rehearing denied December 14, 1964.

PAUL SNYDER, for plaintiffs in error.

HORATIO S. RAMSEY, RALPH C. TAYLOR, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiffs in error as defendants or

as the Murdocks, and to defendants in error as plaintiffs or as the Popes.

The plaintiffs sought a decree for specific performance of a written contract for the purchase and sale of certain lands, and for damages by way of abatement of a part of the purchase price because of the inability of the defendants to convey all the land described in the agreement.

At the conclusion of the trial, in which a jury was impaneled in an advisory capacity with reference to issues of fact, the trial court entered its findings of fact and conclusions of law; it made reference to the written contract between the parties under the terms of which eighty acres of land in Douglas county were to be sold by the Murdocks, for which the Popes were to pay the sum of $35,000.00 of which $10,400.00 had been paid upon the execution of the contract. The findings of the trial court include the following:

"2. Under the terms of the said contract of December 29, 1959, the defendants agreed to sell said property and to convey by good and sufficient Warranty Deed free and clear of all liens and encumbrances, except rights of way (whether of record or otherwise, * * *."

Certain other exceptions were made, none of which are material to the issues involved. The findings continue:

"3. The Court finds that prior to the date of execution of the land contract of December 29, 1959, the defendant sellers by Warranty Deed dated October 27, 1959, and recorded on November 2, 1959, in Book 130, Page 152 of the Douglas County, Colorado, records, sold and conveyed to the Public Service Company of Colorado a strip of land described as the North 210 feet of the land conveyed by the contract of December 29, 1959, containing 12.73 acres, reserving only certain limited right and privilege to use the premises for agricultural use and operation so long as said use did not inter-

fere with any use by the Public Service Company of Colorado.

\* \* \*

"5. The Court further finds that the actual value of the 80 acres of land described in the contract between the parties, at the time of contract, to be the sum of $35,000.00; and that the actual value of the 12.73 acres conveyed by the defendants to the Public Service Company of Colorado, at the time of the contract between the parties, to be of the value of $5,569.37. The Court further finds that the value of the said 80 acres, per acre, to be substantially the same, and that the per acre value of said land is $437.50.

"6. The Court further finds that the reservation contained in the deed by defendants to the Public Service Company of Colorado, dated October 27, 1959, did not reserve to the sellers a right of way over and across said 12.73 acres conveyed from the balance of the 80 acres involved herein; that there does not exist any access road from the remaining 67.27 acres to a public highway and by reason thereof the plaintiffs were further damaged by said misrepresentation in the sum of $2,000.00, which the Court finds is the amount necessary for the plaintiffs to acquire a right of way to a public highway.

"7. The Court further finds that the plaintiffs have a right to insist upon performance by the defendants to the extent of the defendants' ability to perform, with an abatement in the purchase price equal to the value of the deficiency in land.

"8. The Court further finds that there was no mutual mistake between the parties with regard to the terms of the contract of December 29, 1959.

"9. The Court further finds that plaintiffs, when they signed the contract, had a right to rely upon it as it was submitted to them, and were under no obligation to search the record to determine if defendants owned the property which they had contracted to sell.

"10. That the plaintiffs are entitled to purchase from the defendants the remaining 67.27 acres of said land for a purchase price of $29,430.63; that plaintiffs are entitled to principal credits of $10,400.00, receipted for on December 29, 1959, the sum of $3,500.00 paid on November 1, 1960, the sum of $3,500.00 paid on November 1, 1961, and a credit of $510.53, representing overpayments of interest paid on November 1, 1960, and November 1, 1961. Plaintiffs should be charged with interest at 5% per annum from November 1, 1961, to date of Judgment in the sum of $576.00, but credited further with the sum of $2,000.00 damages resulting from loss of access right of way; that there is due and owing from plaintiffs to defendants the sum of $10,096.10 on the purchase by plaintiffs from the defendants of said 67.27 acres of land. * * *"

Based upon the above findings, the trial court entered its judgment in favor of the plaintiffs. We have carefully examined the full record and find therein ample evidence to sustain the findings of the trial court.

The questions remaining for consideration are: (1) Whether the trial court erred in ordering that the purchase price of the property be reduced by the value of the land which the Murdocks were unable to convey; and (2) whether the court erred in awarding the credit of $2,000.00 as damages suffered by the Popes in connection with the acquisition of an access road to a public highway.

With reference to question (1) above, the following decisions of this court fully support the judgment of the trial court: *The Florence Oil & Refining Co., et al., v. McCandless,* 26 Colo. 534, 58 Pac. 1084; *Mullen v. Bromley,* 21 Colo. App. 399, 122 Pac. 66; *Rule v. Link, et al.,* 84 Colo. 82, 267 Pac. 1005; *Kuper v. Scroggins, et al.,* 127 Colo. 416, 257 P.2d 412. From *Rule v. Link,* supra, where a similar factual situation was present, we quote, inter alia:

"* * * He [the plaintiffs in the instant case] elected

not to rescind the contract because of plaintiffs' inability to convey a good title, but rather he elected to accept the title as it was with reduction of the purchase price such as would compensate him for the deficiency. It was defendant's right to insist upon performance of the contract with appropriate abatement of the purchase price, * * * ."

*From Kuper v. Scroggins,* supra, we quote:

"It has long been the general rule that a vendee has the right to insist upon performance by the vendor to the extent that the latter is able to perform with an abatement in the purchase price equal to the value of the deficiency or defect. (Citing bases)"

It follows from the rule above announced that the $2000.00 credit, the expenditure of which will be necessary to provide ingress and egress to and from the land actually acquired by the Popes, was fully justified. Access to and from the property was a part of the original contract. The Murdocks were unable to supply it; to the extent of the value thereof the Popes were entitled to an abatement.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.