No. C-549

**Leon J. Dlug and Patricia L. Dlug v. Charles O. Wooldridge**

(538 P.2d 883)

Decided July 21,.1975.

Sonheim & Helm, Dale H. Helm, for petitioners.

Stitt, Wittenbrink and Roan, P.C., R. J. Wittenbrink, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Certiorari was granted by this court for purposes of reviewing the Court of Appeals' decision in *Dlug v. Wooldridge*, 34 Colo. App. 186, 525 P.2d 1185 (1974).

On September 8, 1969, the petitioners, Leon J. and Patricia L. Dlug (purchasers), and the respondent, Charles O. Wooldridge (seller), entered into a written contract for the purchase and sale of unimproved mountain property for the sum of $14,500. The subject property was described in the contract as "[t]hat portion of land in the NW 1/4 of the NE 1/4 of Section 20, T. 6 S., R. 70 W. of the 6th P.M. consisting of 26.5 acres, more or less. . . ." Although the contract originally contained a provision requiring the respondent to provide a survey of the property, this provision, at the time of execution, was deleted at the respondent's insistence and with petitioners' consent. At the time the contract was entered into, the petitioners executed a promissory note to the order of the realtor as an "earnest money deposit on 26.5 acres. . . ."

On October 2, 1969, the respondent conveyed the subject property to the petitioners by a warranty deed. The warranty deed's description of the property (identical to the contract) was based on the Oehlmann Park map, but omitted the reference to the quantity of the acreage being conveyed. A subsequent survey determined that instead of 26.5 acres, the subject property contained 16.5 acres. This discrepancy resulted from the fact that in platting Oehlmann Park in 1923, the NW 1/4 corner of section 20 had been mistakenly moved approximately 300 feet west of the point it had been located in the original United States survey of 1873.

The petitioners commenced this action seeking an abatement of the purchase price for the shortage of approximately ten acres. Trial was to the court. The court found, as a matter of fact, that the parties had been

mutually mistaken as to the quantity of acreage contained in the subject property, both believing that the property contained 26.5 acres. The court also found that the property had been purchased on a *per-acre* basis of $547.19 per acre, rather than "in gross," and that under the equitable doctrine of unjust enrichment, the petitioners were entitled to an abatement of the purchase price in the amount of $5,471.90.

One further fact is material to the equities involved in this case. The abatement ordered by the trial court resulted in the respondent losing in excess of $3,000, he having purchased the tract as containing 26.5 acres for $12,500 two years previously.

On appeal, the Court of Appeals, in a two to one decision, concluded that where "a contract for the sale of land [is] based upon a substantial mutual mistake as to the number of acres involved, and where it . . . appears that the parties did not reach mutual agreement as to a specified price per acre for the sale, the [trial] court may not award an abatement of the purchase price. The proper remedy is to return the parties to the status quo." The Court of Appeals concluded that rescission was the proper remedy under the circumstances of the case. However, the Court of Appeals went on to hold that

"since [the] buyers object to granting rescission in connection with this appeal, *see Berryman v. Berryman*, 115 Colo. 281, 172 P.2d 446, the judgment is reversed and the cause remanded with directions to the trial court to dismiss the buyers' complaint."

This holding had the effect of recognizing the inequity of the contract to both parties, but leaving the petitioners with a bargain they would not have made in the first instance had they known of the sellers' inability to deliver the quantity of land stated in the various preliminary documents.

■ We agree, under the circumstances appearing here, that rescission is the proper remedy, but we do not concur in the Court of Appeals' direction to the trial court to dismiss the petitioners' complaint. On appeal, the petitioners, not surprisingly, argued for the affirmance of the judgment of the trial court. The mere assertion of the correctness of 'abatement' as the proper remedy was not tantamount to demanding abatement or nothing. The petitioners did not lose their entitlement to rescission by insisting on the correctness of the trial court judgment.

This appeal presents no material issues of fact. Very simply, both parties acted upon a mutual mistake of substantial proportions as to the quantity of land involved in the subject transaction. The only issue before us today concerns the proper remedy to be afforded under the circumstances of this case.

Although the Court of Appeals recognized that rescission was the proper remedy, the petitioners were denied the right to their bargain even though it may now be more appropriate than rescission. In our opinion, the petitioners should have been provided the opportunity to choose between the alternatives of (1) rescission or (2) retention of the original contract.

■ The respective decisions of both the trial and appellate courts were the result of their resolution of the question whether the parties' contract was one for the sale of land "in gross" or "by the acre." While we recognize the utility of this dichotomy, it is axiomatic that in the realm of equity, no formulation is absolute and no rule is without exception.

■ This court, in *Barth v. Deuel*, 11 Colo. 494, 19 P. 471 (1888), announced the general rule applicable in this type of situation, stating:

"Equitable relief will be granted in cases of mistake when the fact concerning which the mistake is made is material to the transaction, affecting its substance and not merely its incidents, and the mistake itself is so important that it determines the conduct of the mistaken parties."

In the *Barth* case the court pointed out that one of the circumstances to be considered is that the mistake related to a material fact, which constituted the only basis for the payment by plaintiff to defendant of the money sought to be recovered back. We adhered to this judicial philosophy in *Tilbury v. Osmundson*, 143 Colo. 12, 352 P.2d 102 (1960).

■ Here the parties were mutually mistaken as to the amount of land which was the subject of their contract. In view of the substantial variance involved, this mutual mistake must be considered material to the contract. The petitioners both stated that they would not have entered into the contract had they known the true size of the tract.

■ On the other hand, the respondent was not eager to enter into this contract and was interested in merely recouping his original investment. In no sense was the respondent unjustly enriched. To allow a reduction of the purchase price under these circumstances would be to render the consideration much less than the actual value of the land. For that reason rescission is a proper remedy. *Worsham v. Pierce*, Fla. App., 251 So.2d 896 (1971); *c.f.* 3 *Corbin on Contracts* §604. However, as stated above, this should not be the petitioners' sole avenue of recourse.

■ In equity cases, such as this, the court must fashion a remedy that does justice under the particular circumstances with which it is confronted. In *Emery v. Medal Building Corporation*, 164 Colo. 515, 436 P.2d 661 (1968), this court reviewed the general law as to rights and remedies where the vendor in a land contract is unable to convey the full title or the full amount of property which he contracted to sell. Among other statements quoted with approval from 49 Am. Jur. §102, p. 120 was the following:

"It is a well-recognized principle of equity that a vendee, in an action brought by him for specific performance of a contract, may waive the performance on the part of the vendor of portions of his contract, and may elect to take a partial performance, if he himself is willing to perform fully. Especially where the vendee is willing to take the vendor's defective title without asking for an abatement in the purchase price will the vendor be prohibited from setting up his defective title or insufficient estate as a defense to an action for the specific performance of his contract. If the vendor has any interest in the property he has contracted to convey, the

vendee at his option, may enforce the contract with respect to whatever interest the vendor possesses, notwithstanding the vendor, because of his own default, could not have enforced specific performance against the vendee."

*See also Murdock v. Pope*, 156 Colo. 7, 396 P.2d 841 (1964).

■ Hence, the remedy which would best do justice under the circumstances of this case would be to afford the petitioners a choice between rescission, *i.e.*, returning the parties to the positions they occupied before entering the contract, and retention of the contract, *i.e.*, allowing the parties to maintain the present status quo.

However, as indicated above, the Court of Appeals, relying on *Berryman v. Berryman*, 115 Colo. 281, 172 P.2d 446 (1947), remanded the instant action to the trial court for dismissal of the petitioners' complaint. As we read the *Berryman* decision, it primarily dealt with the application of Rule 8(a) and Rule 54(c) of the 1946 Rules of Civil Procedure to a divorce action and arose on a motion to dismiss for failure to state a claim. Unlike the situation before this court, in *Berryman* there had been no trial on the merits. Although the court used language which may have led the Court of Appeals to its erroneous conclusion that the petitioners' complaint could only be dismissed, the court also cited and quoted authorities which we feel lead to a more logical conclusion. The *Berryman* court was able to utilize the reasoning of federal cases since Rule 54(c) of the Colorado Code of Civil Procedure is identical and modeled after Rule 54(c) of the Federal Rules of Civil Procedure. Typical of the federal authority upon which the *Berryman* court relied is *Keiser v. Walsh*, 118 F.2d 13 (1941) in which a

"motion to dismiss was granted below, but the circuit court of appeals reversed the ruling, saying: 'We need not consider whether appellant has asked for the proper relief. By Rule 54(c) of the Federal Rules of Civil Procedure "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.'' Accordingly a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant.' "

*See also Kansas City, St. L. & C. R. Co. v. Alton R. Co.*, 124 F.2d 780 (1949); *Gay v. E. H. Moore, Inc.*, 26 F. Supp. 749 (1939); *Cantanzaritti v. Bianco*, 25 F. Supp. 457 (1938).

The judgment of the Court of Appeals is reversed and the cause remanded for the entry of a judgment directing the trial court to enter judgment, giving the petitioners the choice of rescission or retaining their bargain pursuant to this opinion.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.