John IDE and Dora Ide,
Plaintiffs-Appellees,

v.

JOE MILLER & COMPANY, a
Colorado corporation,
Defendant-Appellant.

No. 83CA0490.

Colorado Court of Appeals,
Div. II.

Decided Dec. 6, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied July 1, 1985.

Robert C. Burroughs, Ault, for plaintiffs-appellees.

Weinshienk, Miller, Borus & Permut, Edward W. Stern, H. Michael Miller, Denver, for defendant-appellant.

STERNBERG, Judge.

John and Dora Ide, buyers, brought an action against Joe Miller and Co., seller, for specific performance and abatement of the purchase price of a farm. The dispute arose when a well on the property was determined to have the capacity to pump 115 gallons per minute instead of 350 gallons as specified in the contract of sale. The trial court ordered an abatement in the purchase price of $92,000 to approximately $55,000 based on testimony that the value of the increment of additional water—235 gallons per minute—was $37,000. However, the buyers own appraiser testified that the property was worth $95,000 with the well "as is," and $135,000 if the well were capable of supplying 350 gallons per minute. The seller appeals, contending that the trial court erred in finding that the provision concerning the capacity of the well was a covenant rather than a condition, and in ordering specific performance and abatement. The seller argues that the provision in question was a condition, and thus upon its breach the buyers had the option between rescinding the contract and obtaining the return of their earnest money, or waiving the defect and accepting the farm at the contract price. We agree with the seller, and therefore reverse.

■ The construction of a written contract is a matter of law, and we are not bound by the trial court's findings and conclusions. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). If there is a question whether a contractual provision should be construed as a covenant or a condition precedent, the intention to create a condition precedent must appear expressly or by clear implication. *St. Germain v. Boshouwers*, 646 P.2d 952 (Colo.App.1982). Also, as an aid when there is doubt as to the intentions of the parties, the court can determine whether the provision goes to the root of the contract and is therefore a condition, or whether it merely affects it and can be compensated for in damages, in which case it is a covenant. *Charles Ilfield Co. v. Taylor*, 156 Colo. 204, 397 P.2d 748 (1964).

■ We conclude that, under the language of the contract here at issue, the capacity of the well was a condition to be met before the buyers became obligated to perform. The evidence indicates the capacity of the well was of great concern to the buyers, and the provision did go to the root of the contract.

■ The buyers contend that this case comes under the general rule that a purchaser of real estate may insist upon performance by the seller, to the extent that the seller is able to perform, with an abatement in the purchase price equal to the value of the deficiency or defect. *Emery v. Medal Building Corp.*, 164 Colo. 515, 436 P.2d 661 (1968); *Kuper v. Scroggins*, 127 Colo. 416, 257 P.2d 412 (1953). However, specific performance is not a matter of right; whether it should be afforded depends upon the circumstances of the particular case. *Emery v. Medal Building Corp., supra.* The court must fashion a remedy that does justice under the particular circumstances with which it is confronted. *Dlug v. Wooldridge*, 189 Colo. 164, 538 P.2d 883 (1975). Where, as here, the abatement ordered is 38% of the contract price, and the contract price is already below the actual value of the land and the abatement would make the purchase price much less than the actual value of the land, specific performance with abatement does not do justice to the parties, and is therefore an inappropriate remedy. *See Dlug v. Wooldridge, supra.*

■ The remaining issue is the proper remedy for the seller's breach. The contract provides that upon failure of any of the conditions, the party not in default can opt for either termination of the contract with refund of monies paid, or may seek

specific performance and damages. Specific performance and damages is inappropriate in this case; however, since the buyers should be allowed to take the benefit of their bargain, *Dlug v. Woolridge, supra,* they should be allowed to choose between purchasing the property as is, at the contract price, or terminating the contract.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

SMITH and KELLY, JJ., concur.